## Commonwealth v. Waldron, Jr.

*Gilbert Stein, Assistant District Attorney,* for Commonwealth.

*Malcolm W. Berkowitz,* for defendant.

SPAETH, J., November 6, 1968.—

### NATURE OF THE CASE

Defendant has moved to quash the indictments. An answer to the motion was filed by the Commonwealth, and testimony received. From the testimony, the court finds the facts as follows.

### Facts

On April 9, 1965, defendant was arrested on charges of embezzlement and conspiracy, and, after a preliminary arraignment, was held in $5,000 bail for a preliminary hearing, which was set for April 23, 1965. On April 23rd, after the preliminary hearing, the hearing

judge stated: "They [there was another defendant] are held for court, the same bail, on the same charges, and we will adjourn".

On April 30, 1965, defendant surrendered to his bondsman and returned to the custody of the sheriff. A rule to show cause why a writ of habeas corpus should not be issued was obtained, returnable May 3, 1965, and defendant was released on $5,000 bail. On May 3rd, the rule to show cause was heard, and was discharged. Defendant did not enter bail, and was taken into custody.

A petition for a writ of habeas corpus was filed in the United States District Court for the Eastern District of Pennsylvania. A hearing was set for May 14, 1965, and defendant was released on $5,000 bail. On May 14th the hearing was held and the court reserved its decision. On July 26, 1965, the court denied the petition.

In the meantime, it appears that on April 26, 1965, which was three days after defendant had been "held for court", defendant by letter notified the clerk of quarter sessions that he intended to file a challenge to the array of the grand jury and a challenge to the individual grand jurors. He did file the challenges, and a rule to show cause was issued. On May 12th, however, defendant withdrew the challenges.

So much is not at issue. What follows, however, is at issue.

According to defendant, he withdrew his challenges to the array and to the individual grand jurors because the petition for a writ of habeas corpus in the district court was pending, and because he had an understanding with the assistant district attorney that if the district court denied the petition, defendant would be notified by the assistant district attorney what grand jury would consider the charges against him so that he could renew his challenges. Defendant testified to this

effect before this court. According to the assistant district attorney, however, who also testified, the understanding was only that until the district court had acted on the petition for a writ of habeas corpus, no charges against defendant would be presented to a grand jury; therefore, he said, when the district court denied the petition, he considered himself under no inhibition, and on August 12, 1965, with no affirmative notice to defendant, he presented the charges against defendant to the grand jury, which returned the present indictments.

Defendant contends that the indictments should be quashed. His argument is as follows. He should have been notified of the assistant district attorney's intention to present the charges against him to the August grand jury. Had he been notified, he would have challenged the August grand jury. Because he was not notified, he made no challenge; he was counting upon notice, and did not expect the presentment to the August grand jury. The result was to deprive him of the right to challenge. Since this is a fundamental constitutional right, the bills returned by the August grand jury should be quashed.

The court finds that each side, defendant and the assistant district attorney, testified truthfully; that each had the understanding that he said he did; and that each acted in good faith, defendant in awaiting notice, and the assistant district attorney in presenting the charges to the August grand jury without notice to defendant.

## Discussion

The case is curious, and, so far as the court knows, without precedent. The case has particular point, moreover, because, if defendant's motion is granted, and the bills are quashed, it might be impossible for the Commonwealth to indict defendant again. According to the Commonwealth's brief, defendant is charged

with conspiracy and embezzlement on November 7, 1963. If these charges are within the two year statute of limitations, 19 PS §211, reindictment might be precluded; if the charges are within the six year statute, 19 PS §213, reindictment would evidently not be precluded. Not knowing the facts behind the charges, the court cannot say which statute would apply but must accept the Commonwealth's estimate that perhaps the two year statute would.[1]

The Commonwealth has argued that defendant should be held to have waived his right to challenge the array and the individual grand jurors. The argument has considerable force. Defendant could easily have prevented the misunderstanding that occurred, and that has resulted in the present situation. The understanding that defendant testified to, and that he relied upon, was for his benefit: he was the one who wished to challenge the array and the individual grand jurors. He should, therefore, have taken the precaution of making the understanding a matter of record, either when he withdrew his challenges on May 12, 1965, or when he appeared before the district court on May 14, 1965. At least he could have written the assistant district attorney a letter stating the understanding, as defendant considered it to be. It was careless of defendant to fail to take any of these pre-

---

[1] Even should the two year statute apply, it might have been tolled: Cf. Commonwealth v. Howard, 210 Pa. Superior Ct. 284, 232 A. 2d 207 (1967). There, a writ of habeas corpus was issued on the ground that defendant's waiver of indictment, waiver of counsel, and plea of guilty, were invalid because not knowing and intelligent. Defendant was then reindicted, after the statute of limitations had run. The court held that the indictment was not barred but that the presentment of a district attorney's bill of indictment after an invalid waiver of indictment tolled the statute. The reasoning of the court, at 288-92, would seem to support the conclusion that presentment of a bill of indictment, invalid for want of proper opportunity to challenge the array of a grand jury and the individual grand jurors, would also toll the statute.

cautions, and to give defendant the chance to escape prosecution, whatever that chance may be, because in the meantime the statute of limitations may have run, would be to reward carelessness.

It remains true, however, that defendant did act in good faith (albeit carelessly) and did believe that he would receive such notice as would permit him to challenge the array and the individual grand jurors. Since these challenges do represent the exercise of a fundamental right, Commonwealth v. Collemacine, 429 Pa. 24, 239 A. 2d 296 (1968); Commonwealth v. Dessus, 423 Pa. 177, 224 A. 2d 188 (1966), it would be desirable if defendant could be afforded an opportunity to exercise them.

Under these circumstances, the best solution would appear to be to permit defendant to state, by letter to the district attorney, with a copy to the court, whether he still wishes to challenge either the array or the individual grand jurors. If he states that he does, and if he further states that he will not plead (but will waive) the statute of limitations, the court will grant defendant's motion to quash. The Commonwealth may then notify defendant of the grand jury to which the charges against defendant will be presented; defendant may file his challenges; the challenges may be disposed of; the charges may be presented; and if new bills are returned, the prosecution may proceed, with each side in the position that would have existed had appropriate precautions been taken by defendant in the beginning. If defendant declines to state that he will waive the statute of limitations, defendant's motion to quash will be denied.

ORDER

And now, November 6, 1968, defendant shall within five days, by letter to the district attorney, with a copy to the court, state whether he wishes to challenge either the array of the grand jury or the individual

grand jurors. Upon receipt of the letter, the case shall proceed as stated in the opinion accompanying this order, and counsel for the defendant, or the district attorney, as the case may be, shall submit to the court an appropriate form of supplemental order.

## Memorandum Opinion

SPAETH, J., December 17, 1968.—On November 6, 1968, the court entered an order requiring defendant to "state whether he wishes to challenge either the array of the grand jury or the individual grand jurors". Defendant notified the court that he did wish to challenge the array and the individual grand jurors. His counsel and the district attorney have been unable to agree upon an appropriate form of order permitting this. Defendant has submitted a form of order in which it is stated by way of recital that defendant waives the statute of limitations; the order then provides that the bills of indictment are quashed. The district attorney has submitted a form of order providing that a nolle proseque should be entered on the bills of indictment; the procedure would be that the Commonwealth would then seek new bills of indictment, enabling the defendant to challenge the grand jury and the individual grand jurors to whom these bills were presented.

As the court indicated in the opinion that accompanied its order of November 6, 1968, the purpose of the order was to enable defendant to challenge either the array or the individual grand jurors, and to do only that, without gaining any unfair advantage. The court stated in its opinion that if defendant stated that he would not plead but would waive the statute of limitations,

". . . the Court will grant defendant's motion to quash. The Commonwealth may then notify defendant of the grand jury to which the charges against defendant will be presented; defendant may file his chal-

lenges; the challenges may be disposed of; the charges may be presented; and if new bills are returned, the prosecution may proceed, with each side in the position that would have existed had appropriate precautions been taken by defendant in the beginning. . . ."

The form of order that defendant has submitted complies with the court's opinion. Apparently what the Commonwealth fears is that in spite of waiver of the statute of limitations, defendant will, sometime after new bills have been returned, plead the statute in defense of the new bills. Considering that both defendant and his counsel have signed the form of order, it seems most unlikely that this will occur; but even if it does, this court believes that the order is so plainly conditional and for a limited purpose that the plea would fail.

Accordingly, the court has signed the form of order as presented by defendant.