Commonwealth, Appellant, *v.* Wasserman.

Argued March 21, 1974. Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT,
and SPAETH, JJ.

*David Richman,* Assistant District Attorney, with him *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellant.

*Joseph Danella,* with him *Louis Lipschitz,* and *Lipschitz and Danella,* for appellee.

OPINION BY VAN DER VOORT, J., June 21, 1974:

Four Bills of Indictment presented to the Grand Jury by special leave of Court were quashed upon the claim by the Defendant that he was deprived of his constitutional right to a reasonable opportunity to challenge the array or an individual member of the Grand Jury. The Commonwealth has appealed. The Defendant was indicted on four counts of receiving stolen goods involving 22 separate items of property allegedly stolen and discovered at the Defendant's residence in the City of Philadelphia pursuant to a search warrant.

The offenses were alleged to have occurred on June 17, 1971. A complaint was prepared and at the preliminary hearing on August 13, 1971 the Defendant was held for action of the Grand Jury. Before submission to the Grand Jury it was determined that the case was properly within the jurisdiction of the Munic-

ipal Court of Philadelphia and the case was consequently listed for trial in that court.

It was listed for trial seven times. It was postponed at the request of the Defendant four of these times, once at the request of the Commonwealth and once upon the joint application of the Commonwealth and the Defendant. An additional suppression hearing was scheduled and continued for a period of three months on motion of the Defendant. The last time the case was scheduled for trial was on June 15, 1973, when Defense counsel informed the Court that he was engaged in a trial in Federal Court and would be unable to try the case.

The Commonwealth then petitioned the Court of Common Pleas for leave to present Bills of Indictment to the 1973 term of the Grand Jury. The Court granted leave to thus submit the Bills of Indictment and they were returned by the June Grand Jury just before the running of the two year statute of limitations which expired on June 17, 1973.

The Defendant complains that the Court of Common Pleas could not grant leave to the Commonwealth to present the Bills of Indictment to the Grand Jury in the manner in which it was done because Rule 224 of the Pa. Crim. R. does not apply to cases in which there was a preliminary hearing and that the Order of the Court deprived him of his reasonable opportunity to challenge the Grand Jury and/or an individual Grand Juror or individual Grand Jurors. Rules of procedure do not cover every circumstance. It is impossible that such rules deal with every conceivable situation. There is neither time nor space to make rules or regulations which would do this and it is impossible for the draftsmen of rules of procedure to anticipate the many varied situations which are bound to arise. Rule 224 of Pa. Crim. R. does not cover the situation where there has been a preliminary hearing, however, the Court is not

helpless to deal justly with unexpected situations. It is obvious that the draftsmen of the Criminal Procedural Rules did not visualize the possibility that a criminal case lodged in the Municipal Court of Philadelphia for trial upon the complaint returned from the Magistrate might be delayed in that Court beyond the time in which an indictment might be secured and that prosecution might be thwarted by such delay, hence there is no such provision in the rules covering this problem.

The Courts are never powerless to deal properly with unanticipated situations and there is inherent power in the Court of Common Pleas to authorize the immediate presentation of Bills of Indictment to the Grand Jury where the statute of limitations is about to run. Where such leave or authorization is granted by the Court it would automatically remove the case from the Municipal Court into the Court of Common Pleas.

The Defendant does have the constitutional right to a reasonable opportunity to challenge the Grand Jury or an individual Grand Juror or Grand Jurors. *Commonwealth v. Dessus,* 423 Pa. 177, 224 A.2d 188 (1966).

Where, as in this case, the Defendant has made prosecution of the case virtually impossible within the period of the statute of limitations by his requests for continuances, he cannot now complain that he had no opportunity to challenge the Grand Jury prior to the Bills of Indictment. It would be a travesty on justice were a Defendant able through his own dilatory tactics to prevent the prosecution of the charges against him by holding up the trial in the Municipal Court of Philadelphia until the statute of limitations ran against the time for securing of Bills of Indictment[1] by securing

---

[1] Under the new Criminal Code, this problem will no longer arise inasmuch as the filing of a Complaint tolls the statute of limitations.

multiple postponements (in this instance five in number). Where a Defendant prevents trial on the merits of the charges against him in the Municipal Court of Philadelphia he thereby waives his right to a pre-indictment challenge to the Grand Jury or Grand Jurors.

The Order quashing the indictments in these proceedings is vacated and the indictments against the Defendant-Appellee are reinstated.

---

DISSENTING OPINION BY HOFFMAN, J.:

The sole question in this appeal is whether the lower court was justified in quashing the indictments for failure to afford the defendant a reasonable opportunity to challenge the array of the Grand Jury.

On June 17, 1971, the defendant Irving Wasserman was arrested on four counts of receiving stolen goods. A preliminary hearing was held on August 13, 1971, and the defendant was bound over to the Grand Jury. Nearly two years later, the Commonwealth, on June 15, 1973, filed an ex parte petition asking for leave to indict the defendant on the four counts of receiving stolen goods. Commonwealth's petition was granted the same day and neither the defendant nor his counsel received any notice of the court's ruling. On August 1, 1973, defendant's motion to quash said indictments was heard, and the indictments were quashed. This appeal taken by the Commonwealth is now before this Court.

Although the defendant was bound over to a Grand Jury in 1971, bills of indictment were not submitted until nearly two years later. It has long been the law that a defendant is entitled to reasonable notice where the bill is submitted at a term subsequent to the original term at which the bill was to be laid before the Grand Jury. *Commonwealth v. Cardonick*, 448 Pa. 322, 292 A.2d 402 (1972); *Commonwealth v. Bruno*, 203 Pa. Superior Ct. 541, 546-547, 201 A.2d 434 (1964). As we said in *Commonwealth v. Rosenfield*, 220 Pa.

Superior Ct. 105, 108, 283 A.2d 870 (1971): "In Commonwealth v. Johnson, 440 Pa. 342 . . . the Supreme Court clearly delineated the scope of Collemacine: 'We held in Commonwealth v. Collemacine, 429 Pa. 24, 239 A.2d 296 (1968), that a defendant is entitled to notice of presentment of his case to the grand jury if the presentment is to a grand jury other than the next term after the defendant's preliminary hearing. The purpose of this rule is to enable the defendant to avail himself of his right to challenge the array of grand jurors.' 440 Pa. at 353, 269 A.2d at 757-758. As the appellant in the instant case was not indicted by the grand jury sitting in the next term after his preliminary hearing, and he never received notice which subsequent grand jury would indict him, Johnson requires that this Court quash the indictments returned."

While it is true that the delay was caused by a number of continuances some of which were prompted by the defendant, an examination of the record reveals that the Commonwealth was in a position, previous to 1973, to indict the defendant with proper notice to the defendant and his counsel. At no time during the two intervening years did the Commonwealth take any action to indict the defendant though the docket entries reveal occasions where the defendant, his counsel and an assistant district attorney were present in Court prior to the date on which the Commonwealth submitted its ex parte Petition.

I do not agree with the Commonwealth's position that the defendant was lawfully indicted under the procedure provided by Pa. R. Crim. P. 224, which provides: "When the attorney for the Commonwealth certifies to the court of common pleas that a preliminary hearing cannot be held for a defendant because the defendant cannot be found in the Commonwealth or that the statute of limitations will run prior to the time when a preliminary hearing can be held or that a

preliminary hearing cannot be held for other good
cause, the court may grant leave to the attorney for
the Commonwealth to present a bill of indictment to
the grand jury without a preliminary hearing." The
defendant was afforded a preliminary hearing. Rule
224 was not designed to encompass a situation where
the defendant has obtained a preliminary hearing and
is awaiting presentment to a Grand Jury.

In the final analysis, no reason is given by the
Commonwealth either for the two-year delay in seek-
ing indictments, or for its failure to inform the de-
fendant or his attorney that it was submitting a Pe-
tition for leave to indict the defendant nearly two years
after his arrest (only a day before the statute of limi-
tations was to expire). The order of the lower court
was properly entered as a violation of the defendant's
constitutional rights of notice under the due process
clause of the Constitution.

The order should be affirmed.

JACOBS and SPAETH, JJ., join in this dissenting opin-
ion.