## Commonwealth v. McDonnell

*William George,* for Commonwealth.
*John M. Gallagher,* for defendant.

CATANIA, *J.*, January 22, 1975—This matter comes before the court as a result of a petition filed by the private prosecutor in this case to compel the district attorney to submit true bills of indictment charging the above entitled defendant with aggravated assault and recklessly endangering another and/or to appoint the private prosecutor to do the same. A brief presentation of the facts pertinent to this litigation to date are as follows:

On or about May 19, 1974, following the Philadelphia Flyers' Stanley Cup victory, petitioner Joseph McGinn was celebrating the Flyers' victory with some friends at or about Manoa Road and West Chester Pike, Havertown, Delaware County, Pennsylvania. Upon observation of the Haverford Township Police at the scene, petitioner made a derogatory remark questioning the necessity of their presence. Whereupon defendant, James McDonnell an officer of the Haverford Township Police, went into the crowd, grappled with petitioner and allegedly struck him several times on the head with a flashlight. Petitioner was subsequently taken to Haverford General Hospital and treated in the emergency room for cuts and bruises of the head.

As a result of this altercation, charges of simple assault, aggravated assault and recklessly endangering others were brought against said officer and a preliminary hearing was held before District Justice Joseph V. Gessler. After two hearings on this matter, the district justice dismissed the charges of aggravated assault and recklessly endangering another and held Officer McDonnell for court on the charge of simple assault.

Petitioner feels substantially aggrieved by this disposition of the district justice and, in accord-

ance, submitted a petition for re-arrest to the District Attorney's Office of Delaware County. The district attorney refused to authorize said petition whereupon, in accordance with the local rules (order of April 17, 1973 Miscellaneous Quarter Sessions) a conference was held with the President Judge, the Honorable John V. Diggins, in chambers in the presence of the district attorney. The president judge sustained the refusal of the district attorney to prosecute said charges, but suggested that a petition be filed to compel the district attorney to submit true bills based on the notes of testimony from the preliminary hearing. Such a petition was filed, argued, and now stands ripe for disposition.

Petitioner advances two issues for determination by this court. First, can the Court of Common Pleas of Delaware County compel the district attorney to submit true bill of indictment to the grand jury and/or in the alternative, appoint a private prosecutor to do the same? In support of petitioner's answer in the affirmative to the above questions, petitioner relies upon the Act of August 9, 1955, P.L. 323, sec. 1409, 16 P.S. §1409, which reads:

"If any district attorney shall neglect or refuse to prosecute in due form of law any criminal charge regularly returned to him or to the court of the proper county, or if at any stage of the proceedings the district attorney of the proper county and the private counsel employed by the prosecutor shall differ as to the manner of conducting the trial, the prosecutor may present his petition to the court of the proper county, setting forth the character of the complaint and verify the same by affidavit. If the court shall be of the opinion that it is a proper case for a criminal proceeding or prosecution, it may

direct any private counsel employed by such prosecutor to conduct the entire proceeding, and where an indictment is necessary, to verify the same by his own signature, as fully as the same could be done by the district attorney."

While we are, of course, in full agreement with petitioner's position that this court may appoint a private prosecutor in the appropriate case, a simple reading of the above statute will indicate that this disposition is not warranted in the case at bar. The purpose of the appointment of a private prosecutor is to effectuate a prosecution of a charge which has been *regularly returned* to the district attorney or to the court of the proper county but for some reason the district attorney has been derelict in his prosecutorial duties. In the present case, defendant was held for the grand jury solely on the charge of simple assault and that charge has been prosecuted in due form. No charge of aggravated assault or recklessly endangering another has been regularly returned by the district justice. Accordingly, the act of 1955 is no authority for the relief which the private prosecutor seeks.

The second issue raised by the private prosecutor is whether this court has the power to order true bills of indictment submitted to the grand jury despite the fact that the same charges have been discharged at a preliminary hearing. Initially, in support of the proposition that the court can indeed order true bills of indictment submitted to the grand jury despite their prior dismissal, the private prosecutor cites Pa.R.Crim.P. 224, which rule authorizes the court to submit true bills of indictment to a grand jury without a preliminary hearing when a preliminary hearing cannot be held for certain good cause. Again, a simple reading of this rule

would manifest that it is not applicable to the instant matter as Rule 224 contemplates only a situation where no preliminary hearing can be held—not the situation wherein a preliminary hearing has been held and certain charges discharged by the district justice. This is not to say, however, that this court is powerless to order submission of true bills of indictment to a grand jury after their dismissal by a district justice. On the contrary, the case law holds that this power is indeed inherent in a court of common pleas.

In the recent case of Commonwealth v. Wasserman, 229 Pa. Superior Ct. 404 (1974), the court stated at page 408:

"The Courts are never powerless to deal properly with unanticipated situations and there is inherent power in the Court of Common Pleas to authorize the immediate presentation of Bills of Indictment to the Grand Jury where the statute of limitations is about to run."

Furthermore, the court stated on page 407 that:

"The Defendant complains that the Court of Common Pleas could not grant leave to the Commonwealth to present the Bills of Indictment to the Grand Jury in the manner in which it was done because Rule 224 of the Pa.Crim.R. does not apply to cases in which there was a preliminary hearing and that the Order of the Court deprived him of his reasonable opportunity to challenge the Grand Jury and/or an individual Grand Juror or individual Grand Jurors. *Rules of procedure* do not cover every circumstance. It is impossible that such rules deals with every conceivable situation. There is neither time nor space to make rules or regulations which would do this and it is impossible for the

draftsmen of rules of procedures to anticipate the many varied situations which are bound to arise. Rule 224 of Pa. Crim. R. does not cover the situation where there has been a preliminary hearing, however, the Court is not helpless to deal justly with unexpected situations." (Emphasis added.)

Additionally, our attention is directed to the case of Commonwealth v. Kellar, 60 Del. Co. 126 (1972). It is true, as pointed out by defendant, that the charges in that particular case were dismissed by a district justice and the court held that an indictment resulting from submission of such charges must be quashed; however, the court also pointed out that the Commonwealth is not without power to re-prosecute charges which have been dismissed by the district justice if such subsequent prosecution is performed with procedural due process:

"It does not appear to us that we hinder in any significant way the duty of the prosecutor to prosecute those who have committed crimes. 'If the Commonwealth deems itself aggrieved by his [District Justice of the Peace] decision it may bring the matter before any other officer empowered to hold preliminary hearings.' McNair's Petition [324 Pa. 48 (1936)] . . . at p. 54, his statement no doubt includes a Common Pleas judge sitting as a committing magistrate."

Therefore, it would be apparent that this court has always retained the inherent power to act as a committing magistrate in passing upon evidence adduced at a preliminary hearing in order to ascertain whether such evidence was indeed sufficient to set forth a prima facie case and warrant submission of true bills of indictments to a grand jury.

Accordingly, we now direct our attention to the

testimony which was given at the preliminary hearings on July 10 and 12 of 1974. Petitioner's evidence consisted of his own testimony as well as that of other eye witnesses who alleged that they saw defendant, James McDonnell, strike petitioner several times with a large flashlight. Petitioner himself alleged that defendant pushed through the crowd of people and grabbed him (petitioner) by the collar. Petitioner further testified that while he was on the ground Officer McDonnell kneeled over him and struck him with a large metal flashlight. Lawrence Bloom, called by petitioner, testified substantially the same, i.e., that he saw Officer McDonnell hit petitioner with the flashlight four or five times; and further that petitioner did nothing to resist or fight the police except to try to block the flashlight by shielding his face. A like description of the incident was given by petitioner's other witnesses, Michael Lopresti, Richard Wilson and Mary Lou Schlegel.

Defendant testified on his own behalf, admitting that he had struck petitioner with the flashlight but maintained that such action was necessitated by the riotous nature of the mob and that he was in apprehension of his own welfare and feared attack by Mr. McGinn. Defendant's other witnesses could only testify that they saw the scuffle from a distance but none was in a position to comment on the number or the nature of the blows struck by defendant or as to whether petitioner indeed acted in a threatening way towards defendant.

In light of such testimony, we are of the opinion that petitioner has at least established a prima facie case for aggravated assault and recklessly endangering another. Accordingly, we have this day issued the following

## ORDER

And now, January 22, 1975, a motion to compel the district attorney to submit true bills of indictment and/or to appoint private prosecutor to the same having been argued before this court; and furthermore, this court having had the opportunity to review the notes of testimony of the preliminary hearings held before District Justice Joseph V. Gessler on July 10 and 12, 1974; it is hereby ordered and decreed that the district attorney submit to the grand jury true bills of indictment charging James McDonnell with aggravated assault and recklessly endangering another.