## Commonwealth, Appellant, *v.* Collemacine.

Argued January 4, 1968. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph M. Smith,* Assistant District Attorney, with him *Robert G. Ginsburg* and *Alan J. Davis,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Joseph R. Danella,* with him *Curtis C. Carson, Jr.,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 15, 1968:

This is an appeal by the Commonwealth from an order of the Court of Oyer and Terminer of Philadelphia County quashing a bill of indictment. Appellee was given a preliminary hearing on July 26, 1965. At the conclusion of the hearing, he was ordered bound over without bail "to answer at the next term of the Court of Oyer and Terminer" on the charge of murder. The next term of court, i.e., the next grand jury, was in August. However, appellee's case was presented not to that grand jury, but to the October Grand Jury, which returned an indictment on October 11, 1965. It is undisputed that neither appellee nor counsel who had represented appellee at the preliminary hearing received notice that appellee's case would be presented to the October Grand Jury.

Shortly before appellee's case was reached for trial, appellee informed his counsel that he had recently heard of the right to challenge the array of the grand jury and he desired to do so. Consequently, counsel moved to quash the indictment on the ground that appellee had not been granted the opportunity to challenge the array of the October Grand Jury or to chal-

lenge any member thereof. The motion was granted by Judge SPAETH in the court below.

We affirm. Recently, in *Commonwealth v. Dessus*, 423 Pa. 177, 224 A. 2d 188 (1966), this court held that an accused has the constitutional right to (a) challenge the array of the grand jury and (b) prove by legally competent evidence that one or more of the grand jurors should be disqualified for cause. These rights have been embodied in Rule 203 of the Rules of Criminal Procedure, which provided, at the time of the instant indictment:[1] "Either the attorney for the Commonwealth or a defendant who has been held to answer may challenge the array of jurors or an individual grand juror. A challenge to the array may be made only on the ground that the grand jury was not selected, drawn, or summoned substantially in accordance with law. An individual grand juror may be challenged on the ground that he is not legally qualified or that a state of mind exists on his part which may prevent him from acting impartially. All challenges must be made before the jurors are sworn unless opportunity did not exist prior thereto; in any event a challenge must be made before the bill of indictment is submitted to the grand jury. All challenges shall be heard and determined by the court. If a challenge to the array is sustained, the grand jury shall be discharged, if a challenge to an individual grand juror is sustained, he shall be retired or discharged and the court may replace him from the persons drawn or selected for grand jury service."

As Judge SPAETH pointed out in his opinion, "the right, however, would be meaningless unless the defendant or his counsel could learn of the occasion for its as-

---

[1] Rule 203 has been amended, effective June 1, 1967, but the amended Rule retains the essence of the Rule quoted in the text.

sertion." Failure to notify the accused or his counsel that his case will be presented to a grand jury other than that to which he was handed over violates fundamental notions of due process. Under Rule 203, an accused must exercise his challenge before the bill of indictment is submitted to the grand jury. Compare *Commonwealth v. Dessus,* supra, where the indictment was returned after January 1, 1965, the effective date of Rule 203, with *Commonwealth v. Lopinson,* 427 Pa. 284, 234 A. 2d 552 (1967), where the indictment was prior to January 1, 1965 and the accused was then permitted to challenge the grand jury any time prior to his plea in court. It is clear that under Rule 203, failure to notify the accused when his case is being presented to a later grand jury emasculates the right of challenge. In *Commonwealth v. Dessus,* supra, the accused was deprived of his constitutional rights embodied in Rule 203 because he was indicted too soon after his hearing before the magistrate. His indictment on the same day as his hearing prevented the exercise of his rights of challenge because of the lack of opportunity to prepare. In the instant case, the lack of notice to the accused also precludes the exercise of those rights of challenge.

Order affirmed.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.