## Commonwealth *v.* Berry, Appellant.

Submitted April 20, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Calvin S. Drayer, Jr.,* and *White & Williams,* for appellant.

*T. Michael Mather,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 9, 1970:

In 1952 appellant pleaded guilty to nine of thirty-two bills of indictment charging him with burglary, and to one bill charging him with use and possession of narcotics. A hearing was then held at which the Commonwealth presented evidence only as to those bills to which appellant pleaded guilty; at the close of the hearing the Commonwealth's motion to nolle pros the remaining bills was granted. A sentence of six to twenty years was imposed on each of the nine burglary charges, the sentences to run concurrently, and sentence on the narcotics charge was suspended. No appeal was taken.

In January of 1967 appellant filed the present PCHA petition, claiming that his pleas were involun-

tary since they were motivated by coerced confessions, and that he had been denied the effective assistance of counsel. An evidentiary hearing was held, with counsel, and relief was denied. This denial was affirmed by the Superior Court per curiam without opinion, see 213 Pa. Superior Ct. 770, 247 A. 2d 247 (1968), and we granted allocatur. We now affirm.

Initially it is conceded by the Commonwealth that appellant's confessions were coerced. Appellant, a narcotics addict at the time of his arrest, began suffering withdrawal symptoms when taken into custody and the police administered morphine to him several times, thereby inducing his confessions. Of course, the fact that his confessions were involuntary does not, without more, invalidate his guilty pleas. Appellant must prove, inter alia, that the involuntary confessions were the primary motivation for the plea. See *McMann v. Richardson*, 397 U.S. 759, 90 S. Ct. 1441 (1970); see, e.g., *Commonwealth v. Copeland*, 439 Pa. 293, 268 A. 2d 751 (1970). And, despite the fact that this is a "silent record" case, the burden of proof still rests with appellant, his plea having been taken before our decision in *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968). Accord: *Commonwealth v. Mc-Bride*, 440 Pa. 81, 269 A. 2d 737 (1970).

The hearing court found as a fact that appellant did not carry this burden. The evidence produced at the PCHA hearing indicates that appellant and counsel discussed the thirty-two burglary charges which were pending, and that appellant told counsel that he remembered committing nine of them. Accordingly, appellant pleaded guilty to only those nine. In addition, the transcript of appellant's preliminary hearing shows that there were eyewitnesses to at least several of the burglaries. Given this evidence, we cannot say that the hearing court abused its discretion in finding that ap-

pellant had not proven that his plea was primarily motivated by the coerced confessions.

Appellant also alleges that he was denied the effective assistance of counsel at his trial. "Our task in cases of this nature . . . encompasses both an independent review of the record . . . and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. . . . The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604-605, 235 A. 2d 349, 352-53 (1967) (emphasis in original) (footnote omitted).

The hearing court made this independent review of counsel's stewardship, and found that counsel was not ineffective. Counsel's strategy, strongly influenced by the large number of indictments, was to mitigate the harsh potential penalty by picturing appellant as a narcotics addict, driven to burglary to support his illness. In fact, appellant himself stated this to the court after it heard the evidence on the bills to which appellant pleaded guilty. The evidence introduced at the PCHA hearing indicated that before choosing this strategy, counsel conferred with appellant, and while it does not appear that counsel devoted a great deal of time to preparation of the case, mere shortness of preparation time does not, in itself, constitute ineffective assistance of counsel. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. at 608, 235 A. 2d at 354; see *Chambers v. Maroney*, 399 U.S. 42, 53-54, 90 S. Ct. 1975, 1982-83 (1970). Nor can we say that failure to go to trial and challenge the confession was an unwise choice at the time, both in view of the state of the law in 1952, and in

view of the existence of witnesses to the crimes. Compare *Commonwealth v. Baity,* 428 Pa. 306, 319, 237 A. 2d 172, 179 (1968). Accordingly, the above factors and our independent review of the record lead us to agree with the hearing court's finding that counsel's stewardship was a reasonable one in light of the available alternatives, and hence was not ineffective.

The order of the Superior Court is affirmed.