## Commonwealth *v.* Rosenfield, Appellant.

Argued March 24, 1970. Before WRIGHT, P. J., WAT-KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Benjamin R. Donolow* and *Paul D. Sulman,* for appellant.

*James D. Crawford,* Deputy District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 11, 1971:

This is an appeal from a conviction for perjury.

Appellant contends that the lower court erred by failing to grant his pre-trial motion to quash the in-

dictments against him. This motion was based on the failure of both the Commmonwealth and the judge at the preliminary hearing to inform appellant or his counsel when appellant's case was to be submitted to the Grand Jury. Appellant, therefore, was unable to scrutinize and challenge the array of the specific grand jury which indicted him or any specific grand juror.

Appellant argues that the judge presiding at the preliminary hearing led him to believe that he would be indicted by the grand jury sitting in the next term of court. At the conclusion of appellant's preliminary hearing on April 23, 1965, the presiding judge stated to appellant in the presence of his attorney that "they [appellant and a co-defendant] are held for court, the same bail, on the same charges, and we will adjourn." Subsequently, appellant was not indicted by the May, June or July Grand Juries, but without notice was indicted by the August, 1965, Grand Jury.

In *Commonwealth v. Collemacine*, 429 Pa. 24, 239 A. 2d 296 (1968) the Court considered for the first time the inter-relationship between the constitutional principle that an accused has the right to challenge the array of Grand Jury or any individual grand juror and Rule 203 of the Pennsylvania Rules of Criminal Procedure which requires that any such challenge be made before the bill of indictment is submitted to the Grand Jury.

Defendant Collemacine was informed at the conclusion of his preliminary hearing that he would be bound over without bail "to answer at the next term of" court. The next term of Court was in August, but Collemacine was not indicted until October, and then without prior notice.

The Court quashed the indictment on the basis that the right to challenge the array of the grand jury and any individual grand juror, which under Rule 203 must be exercised prior to the presentation of the case

to the grand jury, " 'would be meaningless unless the defendant or his counsel could learn of the occasion for its assertion.' Failure to notify the accused or his counsel that his case will be presented to a grand jury other than that to which he was handed over violates fundamental notions of due process. . . . It is clear that under Rule 203, failure to notify the accused when his case is being presented to a later Grand Jury emasculates the right of challenge." 429 Pa. at 26-27, 239 A. 2d at 298.

The Commonwealth seeks to distinguish *Collemacine* on a number of grounds.

## I

The Commonwealth first contends that *Collemacine* does not apply to the instant case because the magistrate at Collemacine's preliminary hearing stated that the defendant would be bound over "to answer at the next term of" Court. Here, the appellant was told that he was being held for court.

Under either circumstance, however, error was committed. In *Commonwealth v. Johnson,* 440 Pa. 342, 269 A. 2d 752 (1970) which was filed subsequent to the lower court's ruling on post trial motions in the instant case, the Supreme Court clearly delineated the scope of *Collemacine*: "We held in *Commonwealth v. Collemacine,* 429 Pa. 24, 239 A. 2d 296 (1968), that a defendant is entitled to notice of presentment of his case to the grand jury if the presentment is to a grand jury other than the next term after the defendant's preliminary hearing. The purpose of this rule is to enable the defendant to avail himself of his right to challenge the array of grand jurors." 440 Pa. at 353, 269 A. 2d at 757-758.

As the appellant in the instant case was not indicted by the grand jury sitting in the next term after

his preliminary hearing, and he never received notice which subsequent grand jury would indict him, *Johnson* requires that this Court quash the indictments returned.[1]

Further, the judge at appellant's preliminary hearing misled appellant by only informing him that he was held for court. The phrase "held for court" is commonly taken to mean in Philadelphia County that the defendant would be indicted in the next term of court. This is the precedure used in the overwhelming majority of criminal prosecutions in Philadelphia County. Indeed, at the time that appellant's preliminary hearing was held, it was standard practice in Philadelphia County for the judge at a preliminary hearing to forward cases held for court to the Grand Jury as soon as possible after the preliminary hearing.[2]

## II

The Commonwealth also contends that appellant has waived his right to bring a pre-trial motion to quash on *Collemacine* grounds. Appellant's preliminary hearing was held on April 23, 1965. In November, 1966, appellant filed a motion to quash the indictment on non-*Collemacine* grounds, and this motion was de-

---

[1] See also *Commonwealth v. Gross*, 161 Pa. Superior Ct. 613, 619, 56 A. 2d 303, 306 (1948) where it was stated that "(a) defendant is entitled to reasonable notice where the bill is submitted at a term subsequent to the original term at which the bill was to be laid before the grand jury. . . ."

[2] Appellant was thus placed in the same position as Collemacine. Collemacine was not indicted by the Grand Jury which he had been informed would be presented with his case. Once Collemacine was not so indicted, he knew that his case would necessarily be presented to a later grand jury. His failure to ascertain which later grand jury would receive his case was not material because the Court quashed his indictment after it had been returned.

nied after hearing on February 26, 1968. Subsequently, on April 22, 1968, a second motion to quash was filed, this time attacking the indictments on *Collemacine* grounds. The lower court did not find that this petition was dilatory or otherwise improper, but instead, it entertained the motion and decided it on the merits. Notwithstanding, the Commonwealth argues in this appeal that under *Commonwealth v. Haines*, 57 Pa. Superior Ct. 616 (1914), appellant was obligated to consolidate all his grounds for quashing the indictments in his first motion to quash. As a general rule, this, of course, would be true, but, in the instant case, at the time of appellant's first motion to quash, *Collemacine* had not yet been decided. Further, at the time that the second motion to quash was filed, which was based on *Collemacine,* the *Collemacine* opinion had been handed down only five weeks previously and had only been circulated in mimeograph copy to judges and district attorneys in Pennsylvania and to private attorneys upon request. The *Collemacine* opinion was not even published in the advance sheets until two weeks *after* appellant had filed his *Collemacine* based motion to quash. Accordingly, absent any finding of capriciousness by the trial court or on the part of appellant or his attorney, it would be difficult to find any deliberate bypass of the *Collemacine* issue in the bringing of appellant's first motion to quash.

Alternatively, the Commonwealth argues that even had appellant not been informed of *Collemacine,* he should have argued the issue decided therein, as *Collemacine* was a restatement of prior law. As authority for this, the Commonwealth cites the opinion of the lower court in *Collemacine, a*s supporting the granting of the motion to quash. In that opinion, the learned lower court stated that an indictment should be quashed if found at a term later than the one for appearance. As authority for this statement the lower court cited

only one Pennsylvania appellate case. *Commonwealth v. Gross*, supra, which in turn relied upon *Commonwealth v. Weiner*, 101 Pa. Superior Ct. 295 (1930). In both *Gross* and *Weiner*, however, our Court stated that the right to challenge the array of the grand jury could be exercised *after* the indictments had been returned and at any time until the defendant entered a plea. This is directly contrary to Pennsylvania Rule of Criminal Procedure 203 which now requires such challenge to be made *before* the case is submitted to the Grand Jury. Thus, had appellant had the benefit of the research alluded to by the Commonwealth, he would have been completely misled. It should also be noted that the Commonwealth's unsuccessful appeal from the decision of the trial court to the Supreme Court in *Collemacine* indicates that the Commonwealth thought that the lower court's decision was a mistaken interpretation of prior law.

Accordingly, we vacate the judgment of sentence below and order that the indictments against appellant be quashed.[3]

WRIGHT, P. J., JACOBS and SPAULDING, JJ., would affirm on the opinion of Judge SPAETH below.

---

[3] Appellant, in his appeal, also raises several other issues including the claim that the evidence was insufficient to find him guilty of perjury. We do not pass on any of these other claims, but would instead grant relief consistent with the above discussion of the applicability of *Collemacine*.