Commonwealth *v.* Jones, Appellant.

Argued March 15, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John H. Corbett, Jr.,* Assistant Public Defender, with him *John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Campbell,* Assistant District Attorney, with him *Robert L. Eberhardt* and *Carol Mary Los,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, April 23, 1974:
The appellant, Wiley Jones (alias Charles Daye), was convicted of burglary and assault and battery. Post-trial motions were denied. He was sentenced to a term of not less than two nor more than four years imprisonment on the burglary conviction. Sentence was suspended on the assault and battery conviction. On appeal the Superior Court affirmed the judgment of sentence. *Commonwealth v. Jones,* 221 Pa. Superior

Ct. 818, 291 A. 2d 912 (1972). Appellant's petition for an allowance of appeal to this Court was granted.

Appellant assigns as error the trial court's denial of his pretrial motion to quash the indictment. According to the appellant, the motion should have been granted since he *did not receive notice* that his case was being submitted to a grand jury other than the grand jury for the next term of court following appellant's preliminary hearing. Appellant claims that the lack of notice deprived him of his constitutional right to challenge the array of the grand jury or any of the individual grand jurors for cause. We agree. *Commonwealth v. Collemacine,* 429 Pa. 24, 239 A. 2d 296 (1968), held that such notice was required. "Failure to notify the accused or his counsel that his case will be presented to a Grand Jury other than that to which he was handed over violates fundamental notions of due process." *Id.* at 27, 239 A. 2d at 298. *See also Commonwealth v. Dessus,* 423 Pa. 177, 224 A. 2d 188 (1966); *Commonwealth v. Johnson,* 440 Pa. 342, 269 A. 2d 752 (1970); Pa. R. Crim. P. 203.

The prosecution does not dispute the appellant's claim that he was entitled to notice, but argues that the record establishes that the appellant received the required notice. We must conclude, however, that the appellant did not receive the required notice and, thus, was deprived of the opportunity to exercise his constitutional rights. There is no dispute that the only evidence which contradicted appellant's claim that he did not receive notice was a copy of a notice allegedly mailed to the appellant. Although the copy was addressed properly and dated, there was no evidence that the original notice or another copy was ever mailed to the appellant. There was no evidence that the notice was deposited in the United States mail system. There was no evidence of a regular and customary procedure from which it might be inferred that the notice was

mailed in the regular course of business. Under the circumstances, the trial court improperly concluded that the required notice had been given to the appellant.

In *Commonwealth v. Johnson*, 440 Pa. 342, 269 A. 2d 752 (1970), we said that a red checkmark on the indictment paper indicating that the defendant had been properly notified was not sufficient evidence to establish the mailing of the required notification. In *Johnson*, we said that "the district attorney must establish some other procedure to lend an air of certainty to the giving of notice. Otherwise, it will be very difficult for a reviewing court to be sure that a defendant has been granted his constitutional right to challenge the array of the grand jury. . . ." *Id.* at 353, 269 A. 2d at 758. Like the red checkmark in *Johnson*, the evidence in this case fails to lend an air of certainty to the giving of the required notice, and does not establish that the prosecution performed its duty to give the appellant the required notice. *Commonwealth v. Collemacine*, 429 Pa. 24, 239 A. 2d 296 (1968).

The prosecution also has argued that the failure to give notice was harmless error because the appellant said he had no objection to anyone who sat on the grand jury. That testimony is taken out of context by the prosecution. The appellant testified that he did not know the composition of the grand jury and, therefore, had no information on which to exercise any challenge. The error was not harmless. It deprived the appellant of an opportunity to investigate and file a timely challenge, which, under Pa. R. Crim. P. 203, "must be made before the bill of indictment is submitted to the grand jury. . . ." Since we hold that appellant's indictment should have been quashed, there is no need to consider other issues raised.

The order of the Superior Court, the judgment of the trial court, and the order of the trial court refusing to quash the indictment, are reversed.

Mr. Chief Justice JONES dissents.