Commonwealth *v.* Shirk, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Richard D. Walker,* Public Defender, for appellant.

*Wallace B. Eldridge, III,* Assistant District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., June 21, 1974:

The instant appeal, after several procedural steps, both in the lower court, and in this court, is before us

now as an appeal nunc pro tunc from the denial of a Petition filed under the Post Conviction Hearing Act. A hearing was held in the lower court on this Petition. The Appellant, Leroy Shirk, after a trial before a jury, was found guilty of the crime of aggravated robbery; he raises several issues on this appeal.

First, he alleges that he was denied the representation of effective counsel at trial. The record shows that at the beginning of his trial, the Appellant himself, before the jury was empaneled, moved for a continuance for the reason that he allegedly did not "have a lawyer present sufficiently acquainted with the case to handle it at this time". The trial judge then questioned Shirk's defense counsel about this matter. The attorney, a public defender, testified that he had sought to interview the appellant on the evening before the trial. Although he met with appellant, defense counsel told the court: ". . . there has been no communication developed between attorney and client. I believe there is a lack of confidence on the part of defendant in his attorney. *Accordingly,* I am unprepared to proceed with this case. The knowledge that I have obtained was knowledge that I have obtained on my own of an investigation of approximately a day and a half. I am unprepared to proceed with the defense in this case." Following this statement by defense counsel, the district attorney pointed out to the court that the same defense counsel had represented the appellant at the time of his arraignment, over a month before the date on which the trial began. The lower court denied the request for continuance.

During the hearing on appellant's PCHA Petition the matter of trial counsel's effectiveness was fully explored. Appellant testified that when his defense counsel attempted to discuss the alternative of pleading guilty, both at the time of the arraignment and during the period when counsel visited appellant to prepare

for the trial, appellant told his attorney to "get lost". The attorney himself recalled that he felt unprepared for the trial on the basis that he could not establish any line of communication with the appellant. Defense counsel recalled that during his visit with Leroy Shirk prior to trial, the former attempted to explain all of the evidence and information which he had discovered during his own investigation of the case, but that the appellant would not talk to him about these matters. In fact, according to the defense counsel, the lack of communication between attorney and client continued throughout the trial. At the PCHA Hearing, the judge carefully questioned the defense attorney about the latter's efforts at the trial. He testified that he had handled the appellant's defense to the best of his knowledge and ability under the circumstance of the appellant's refusal to communicate with him.

The issue of the effectiveness of criminal defense counsel is one that has come before the courts on many occasions. In such situations, it is the duty of the appellate court to conduct an independent review of the record and to examine stewardship of the trial of the case in light of all of the alternatives available to defense counsel. *Commonwealth v. Woody*, 440 Pa. 569, 573, 271 A. 2d 477, 479, 480 (1970) ; *Commonwealth v. Berry*, 440 Pa. 154, 157, 269 A. 2d 921, 922, 923 (1970). In the instant case, where counsel himself testified to possible shortcomings in the handling of appellant's defense, we must, of course, give all of the matters in the record our most careful scrutiny. In general, we are guided by the concept that the absence of effective counsel means that the representation of the criminal defendant was so lacking in competence that it becomes the appellate court's duty to correct the fundamental unfairness inherent in that situation. *Commonwealth v. Irby*, 445 Pa. 248, 250, 284 A. 2d 738, 739 (1971). We must search to see if counsel's actions

and decisions at trial had some reasonable basis, and keep in mind the rule that the balance tips in favor of a finding of effective counsel when, and if, such reasonable basis is found. *Commonwealth v. Woody, supra,* 440 Pa. at 575, 271 A. 2d at 480; *Commonwealth v. Berry, supra,* 440 Pa. at 157, 269 A. 2d at 923.

We have examined the complete record of the trial of the instant case, and the testimony developed at the PCHA Hearing and are convinced that the appellant was not denied effective assistance of counsel. To the contrary, the total record reveals that Leroy Shirk was represented by a lawyer who provided him an expert, vigorous and able defense despite the appellant's refusal to engage in meaningful communication in furtherance of his own case. Moreover, in disregard of the appellant's rebuffs and stated hostility toward him, counsel thoroughly cross-examined Commonwealth witnesses, raised appropriate and reasonable objections, submitted points for charge and argued the case to the jury. It is also noteworthy that the appellant has not directed this court's attention to any specific instance of improper action by his counsel in the stewardship of his trial, but merely argues in general that his own failure to get along with his court-appointed attorney made the latter ineffective.

It is clear that an indigent defendant does not have the right to the appointment of any defense counsel he may choose. See *Commonwealth v. Johnson,* 428 Pa. 210, 236 A. 2d 805 (1968) and cases cited therein. When appointed counsel has represented an indigent criminal defendant in a reasonable and competent manner, we cannot and will not rely on the defendant's own recalcitrance in dealing with his attorney, to support a finding of ineffective counsel. Appellant's arguments in this regard have no merit.

It is also noted that the appellant raises the question of possible shortness of preparation time as affect-

ing his right to effective counsel. It was earlier discussed that when Leroy Shirk met his trial counsel at his arraignment, over a month before the trial, Shirk refused to communicate meaningfully with the attorney. When counsel visited the appellant just before the trial to prepare the defense, Shirk again told him to "get lost". At the PCHA Hearing, Shirk declared that if more time had existed for trial preparation, other witnesses might have been called. When he was asked to identify other possible witnesses, however, Shirk could name none. We operate under the general rule that mere shortness of time does not of itself establish that assistance of counsel was ineffective. *Commonwealth v. Woody, supra; Commonwealth v. Berry, supra; Commonwealth ex rel. Johnson v. Russell,* 428 Pa. 440, 239 A. 2d 399 (1968). With recognition of that rule and in light of the matters discussed above, we find no validity in appellant's additional argument concerning alleged shortness of preparation time by counsel.

Next, appellant, citing *Coleman v. Alabama,* 399 U.S. 1, 90 S. Ct. 1999, 26 L. Ed. 2d 387 (1970), claims that his conviction should be reversed because he was not afforded a preliminary hearing. The records reveal that a preliminary hearing was held in this matter on August 7, 1968. One co-defendant appeared at this hearing, another waived preliminary hearing, and a third co-defendant was simply listed as a fugitive. The appellant was apparently confined in Franklin County Prison for an unrelated offense on the date of that hearing and was also listed as a fugitive.

The decision in the recent case of *Commonwealth v. Brabham,* 225 Pa. Superior Ct. 331, 309 A. 2d 824 (1973) overruled the previous law on the preliminary hearing requirement, which had been enunciated in *Commonwealth v. Czarnecki,* 221 Pa. Superior Ct. 303, 304, 292 A. 2d 422 (1972) and *Commonwealth v. O'Bri-*

*en,* 181 Pa. Superior Ct. 382, 124 A. 2d 666 (1956). As the instant case arose prior to *Brabham, supra,* and even prior to *Czarnecki, supra,* it is governed by the holding of the *O'Brien* case.[1] Hence, it was not required that appellant be afforded a preliminary hearing in 1968 while he was confined as a result of his own conduct, in the Franklin County jail. It is noted that the appellant's reliance on *Coleman* is misplaced, since the Court did not hold in that case that a preliminary hearing was required, but merely that one is entitled to counsel if a preliminary hearing is held. Moreover, our own Supreme Court has held that *Coleman,* a 1970 decision, was not to be given retroactive application. See *Commonwealth v. James,* 440 Pa. 205, 269 A. 2d 898 (1970). Lastly, after an analysis of the whole record in the instant case, we can find no fundamental unfairness to the appellant in the denial of a preliminary hearing in this case. See *Commonwealth v. O'Brien, supra;* cf., in pertinent part, *Commonwealth v. McCloskey,* 443 Pa. 117, 140, 277 A. 2d 764, 775 (1971), cert. denied, 404 U.S. 1000, 92 S.Ct. 560, 30 L. Ed. 2d 552 (1971).

The appellant raises several other claims which may be dealt with without extended discussion. Appellant challenges the sufficiency of the evidence and in our determination of sufficiency we must accept as true all of the evidence, together with all reasonable inferences therefrom, upon which the jury could have properly based its verdict. See *Commonwealth v. Clark,* 454 Pa. 329, 311 A. 2d 910 (1973). In this case, the

---

[1] It is noted that the writer of this opinion is troubled by the holding of the majority of this Court in *Brabham,* supra, and finds merit in the reasoning relied on by the dissenting judges in that case. However, in light of the discussion above concerning the applicability of the *O'Brien* rule to this case, it is felt that the instant appeal does not present an appropriate vehicle for the reconsideration of *Brabham,* and the issues decided therein.

appellant was directly implicated in the robbery of a gasoline station by one of his co-felons who was involved in the same crime. The jury was justified in accepting this evidence to support the conviction of appellant. Another argument raised by appellant deals with an alleged denial of his right to challenge the array of grand jurors which passed upon his case. Since no pretrial motions were raised on this point, and additionally, since the appellant entered a plea of not guilty and proceeded to a trial on the merits in this case, we find no basis for reversal on this issue. See *Commonwealth v. Bruno*, 203 Pa. Superior Ct. 541, 547, 201 A. 2d 434, 437, 438 (1964), cert. denied, 379 U.S. 965.

In view of our analysis and the conclusions reached and discussed above, the relief prayed for is denied and the order of the Court of Common Pleas of Dauphin County is affirmed.

---

CONCURRING OPINION BY HOFFMAN, J.:

While I join with the Majority in the restrictive holding in the instant case, I must voice my disapproval in the broad dicta appearing in the Majority Opinion which seeks to vitiate our holding in *Commonwealth v. Brabham*, 225 Pa. Superior Ct. 331, 309 A. 2d 824 (1973).

*Brabham*, which was decided by a full Court by a 4-3 decision and in which allocatur was denied by our Supreme Court, established a right to a preliminary hearing in all but a select number of "recognized exceptions".[1] It is important to emphasize that the Majority Opinion in *Brabham* derived said right, not from constitutional sources, but from the mandatory and clear language of Pa. R. Crim. P. 119.

---

[1] See exceptions noted in *Commonwealth v. McCloskey*, 443 Pa. 117, 227 A. 2d 764 (1971).

Since the appellant was a "fugitive", the instant case, which arose prior to our decision in *Brabham,* is controlled by the "exception" enunciated in *Commonwealth v. O'Brien,* 181 Pa. Superior Ct. 382, 124 A. 2d 666 (1956). It may not be disputed that *Brabham* has prospective effect only. The Majority, however, goes further, and without analyzing the merits of the instant appeal under present law, states that "after an analysis of the whole record in the instant case, we can find no fundamental unfairness to the appellant in the denial of a preliminary hearing in this case." In the limited context of this appeal, the above-quoted portion from the Majority Opinion is correct; however, as *Brabham* enunciates a procedural mandate tantamount to a *per se* rule that all defendants have a right to a preliminary hearing in this Commonwealth unless waived, a weighing process seeking to determine the "fairness" or "prejudice" associated with a denial of this right is expressly prohibited.

SPAETH, J., joins in this concurring opinion.