371 A.2d 905
**COMMONWEALTH of Pennsylvania,
Appellant,**

v.

**Albert DeCOSEY.**

Superior Court of Pennsylvania.

Argued Sept. 21, 1976.

Decided March 31, 1977.

414

Robert F. Banks, First Assistant District Attorney, Greenville, with him Allen E. Ertel, District Attorney, Williamsport, for appellant.

Albert C. DeCosey, Jr., submitted a brief for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This is an appeal from the order of the court below quashing the information and discharging defendant, Albert DeCosey, for the reasons hereinafter set forth. We reverse.

A warrant for defendant's arrest was issued on June 11, 1975, following an investigation conducted by undercover agents of the Pennsylvania Bureau of Drug Control. All attempts to locate defendant were unsuccessful, and defendant was neither served with the warrant nor arrested. However, on September 9, 1975, he appeared with counsel at the district justice's office. Defendant was arraigned and he posted bail; a preliminary hearing was set by the district justice for September 23, 1975. Defendant appeared at this preliminary hearing, but requested a continuance in order to retain the services of an attorney. After several delays, a preliminary hearing was finally held on December 30, 1975. Prior to this

hearing, defendant moved to dismiss the action since the preliminary hearing was not initially scheduled within three to ten days from the date of his arraignment. This motion, however, was denied. At the conclusion of the testimony, it was held that a prima facie case had been established, and defendant was bound over for court. Defendant thereafter filed an application to quash the information on January 6, 1976. Concluding that the clear directive of Rule 140(f)(1) of the Rules of Criminal Procedure had not been followed, President Judge GREEVY entered an order on April 12, 1976, quashing the information and discharging defendant. The Commonwealth's appeal from that order followed.

Rule 140 of the Pennsylvania Rules of Criminal Procedure reads in pertinent part as follows:

"(f) When a preliminary hearing is not waived, the issuing authority shall:

(1) fix a day and hour for a preliminary hearing which shall not be less than three nor more than ten days after preliminary arraignment unless extended for cause shown, unless the issuing authority fixes an earlier date upon request of the defendant or his attorney with the consent of the complainant and the attorney for the Commonwealth . . ."

It is obvious that Rule 140(f)(1) was not complied with in the instant case; the sole question for our consideration is whether defendant's discharge was mandated.

Unlike Rule 1100, which expressly compels dismissal of the charges if its time limitations are not met, Rule 140(f)(1) does not provide a remedy for the failure to schedule a preliminary hearing within three to ten days of the preliminary arraignment. Rule 1100 was adopted by our Supreme Court pursuant to its supervisory powers, and is intended to provide an objective standard for the protection of a defendant's right to a speedy trial. *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Hamilton*, 449

Pa. 297, 297 A.2d 127 (1972). Dismissal of the charges is the only possible remedy for a denial of that constitutional right.

However, there is neither a federal nor state constitutional right to a preliminary hearing. *See Commonwealth v. Mayberry,* 459 Pa. 91, 327 A.2d 86 (1974) and cases therein cited. A preliminary hearing is not a trial; its purpose is solely to determine whether a prima facie case has been made out against the accused. *Commonwealth v. Smith,* 232 Pa.Super. 546, 334 A.2d 741, *allocatur refused,* 232 Pa.Super. *xxxi* (1975). In effect, Rule 140(f)(1) provides for a speedy determination of probable cause. We cannot conclude that the language of this Rule requires an automatic discharge of an accused if his preliminary hearing is not scheduled within ten days of the preliminary arraignment.

One of the obvious prejudices to an accused resulting from a delay in the scheduling of a preliminary hearing is his incarceration. In fact, the hearing's principal function is to protect an accused's right against an unlawful detention. *Commonwealth v. Mullen,* 460 Pa. 336, 333 A.2d 755 (1975). Here, however, the defendant was released on bond, and only when the preliminary hearing was finally held did he object to its untimeliness. Moreover, no prejudice has been shown to have resulted from the district justice's error in scheduling defendant's hearing apart from the four day delay itself. His defense was in no way impaired. Despite the technical violation of Rule 140(f)(1), we do not believe that defendant's discharge was mandated.

Order reversed and case remanded for trial.

SPAETH, J., files a concurring opinion.

HOFFMAN, J., concurs in the result.

SPAETH, Judge, concurring:

While I agree with the majority's result, I am apprehensive that its opinion may be taken to announce a rule

that no violation of the time limits of Pa.R.Crim.P. 140(f) will warrant quashing an indictment unless the defendant can show that he was prejudiced by the delay.

When courts do not follow rules, it seems right to expect that sanctions will be imposed. In many cases, this expectation is realized. For pertinent example, when there is a violation of Rule 140(f)'s requirement that a preliminary hearing be given a defendant who has not waived his right to it, the sanction is to quash the indictment. *Commonwealth v. Rose*, 437 Pa. 30, 261 A.2d 586 (1970). Quashing also results from a failure to notify an accused that his case will be presented to a grand jury other than that to which he was bound over. *Commonwealth v. Collemacine*, 429 Pa. 24, 239 A.2d 296 (1968); *Commonwealth v. Rosenfield*, 220 Pa.Super. 105, 283 A.2d 870 (1971). In both examples, quashing is automatic; no inquiry is made into possible prejudice to the defendant.[1] *See Commonwealth v. Jones*, 456 Pa. 270, 273, 318 A.2d 711, 713 (1974); *Commonwealth v. Shirk*, 228 Pa.Super. 356, 364, 323 A.2d 99, 103 (1974) (concurring opinion by HOFFMAN, J.).

If the choice were open to me, I should argue for application of such an automatic sanction in cases like the present, for it invites disrespect of the judicial system to say that a court may break its own rules; especially is this so when the requirement of showing prejudice is added. If a court breaks its own rules, at the very least it should be up to the court to show that no harm was

1. It might be suggested that a finding of prejudice was implicit in *Rose* in that there (as far as may be told from the opinion) the defendant was in jail. However, we held in *Commonwealth v. Brabham*, 225 Pa.Super. 331, 309 A.2d 824 (1973) (WRIGHT, P. J., WATKINS and CERCONE, JJ., dissenting), that the defendant was entitled to the protections of a preliminary hearing notwithstanding that he was at the time incarcerated in another county on another charge and therefore could not be said to be prejudiced by unlawful detention.

done. There should be no burden on the defendant, who is entitled to expect that the rules will be followed.[2]

I cannot make this argument, however, for the Supreme Court has recently held that it is not appropriate to quash the indictment in a case where the defendant has shown no prejudice *and* there has been "substantial compliance" with Rule 140(f). *Commonwealth v. Hailey*, 470 Pa. 488, 368 A.2d 1261 (1977).[3] I have emphasized "and" because as I read *Hailey*, the Court has not foreclosed the possibility that quashing the indictment may be appropriate in another case, where the violation of Rule 140(f) is more flagrant than it was in *Hailey;* nor has the Court said that in such a case a defendant must show prejudice.

Even reading *Hailey* as I do, however, I acknowledge that it is controlling here. In *Hailey* there was no prejudice, and compliance was missed by only one day; here there was no prejudice, and compliance was missed by only four days. I submit that *Hailey* has put us on a difficult course. Who knows, or can predict, what "substantial compliance" means? The course having been set, however, it is our obligation to follow it.

I therefore concur in the reversal.

2. We held recently in *Commonwealth v. Jones,* 245 Pa.Super. 487, 369 A.2d 733 (1977), that we have no power to impose sanctions for violation of Pa.R.Crim.P. 2009. That holding has no applicability to a case like the present, which involves a court's obligation to comply with its own rules. *Jones* involved non-compliance by the police, over whom this court has no supervisory power. This case involves non-compliance by a district justice. If lower courts have the power to quash indictments for failure to comply with the court's rules, as they do, *see Commonwealth v. Rose, supra; Commonwealth v. Collemacine, supra,* we have the same power.

3. In *Hailey* the defendant complained that although he was arraigned on June 4, 1973, a preliminary hearing was not conducted until Feb. 5, 1974. The Court found that a Juvenile Court certification hearing held on June 15, 1973, "provided substantial compliance with Rule 140(f)." At 508, 368 A.2d at 1271. In its discussion the Court focused only on the effect of the Commonwealth's failure to include a second complainant's name on the certification petition; but I conclude from its silence that the Court also decided that a preliminary hearing held eleven days after arraignment (instead of ten) was "substantial compliance."