## Commonwealth v. Pierce

*J. Michael Eakin*, for Commonwealth.
*Daniel Deardorff*, for defendant.

SHEELY, *J.*, June 26, 1978—On the evening of April 6, 1978, defendant was issued a citation charging her with reckless driving. On April 12, 1978, defendant appeared before District Justice Meade Lyons, posted the required security, and requested a summary trial, which the magistrate set for April 18, 1978, at 9:30 a.m. Officer O'Leary, who issued the citation, first learned of the trial date on April 14. He subsequently attempted to contact by telephone one Ronald Kuhn, a witness who had been at the scene when the alleged offense occurred and who indicated to Officer O'Leary that he would voluntarily appear to testify if required. Officer O'Leary was unable to contact anyone at Kuhn's residence until 8:00 a.m. of the day of the scheduled trial when he reached Kuhn's wife who informed Officer O'Leary that Kuhn was already working and could not be reached. Kuhn is a garbage collector and has no work phone.

Thereafter, Officer O'Leary requested a continuance in order to obtain the appearance of Kuhn, which the magistrate granted, even though the officer had never subpoenaed or otherwise given Kuhn notice of the initial trial date. The trial was

rescheduled for and finally held on May 3, 1978, at which time the magistrate found defendant guilty. This timely appeal followed.

The sole issue before the court is whether Rule 55(2)(a) of the Pennsylvania Rules of Criminal Procedure was violated when the trial was rescheduled for a date more than ten days after defendant's initial appearance and more than ten days after the initial trial date.

Rule 55 of the Pennsylvania Rules of Criminal Procedure reads in pertinent part as follows:

"The issuing authority, upon receiving a plea of not guilty, shall:
" . . .
"(2) Notify the defendant and the police officer of the date and hour for trial as follows:
"(a) If the defendant appears personally, the issuing authority shall set security and fix the date and hour for trial which shall not be less than three nor more than ten days after his appearance, unless extended for cause shown, or unless the issuing authority fixes an earlier date upon request of the defendant or his attorney with consent of the police officer."

This case seems to be one of first impression, the court being unable to locate any prior cases construing Rule 55(2)(a), and counsel citing none that deal specifically with Rule 55(2)(a) in their memoranda of law.

Rule 140 of the Pennsylvania Rules of Criminal Procedure deals with preliminary arraignment procedure in court cases. Rule 140 reads in pertinent part as follows:

"(f) When a preliminary hearing is not waived, the issuing authority shall:

"(1) Fix a day and hour for a preliminary hearing which shall not be less than three nor more than ten days after preliminary arraignment unless extended for cause shown, unless the issuing authority fixes an earlier date upon request of the defendant or his attorney with the consent of the complainant and the attorney for the Commonwealth."

At least three courts have ruled on whether the charges against a defendant must be dismissed for failure of the Commonwealth to meet the three to ten days requirement of Rule 140. In Com. v. De-Cosey, 246 Pa. Superior Ct. 412, 371 A. 2d 905 (1977), the lower court had issued an order quashing the information and discharging defendant because a preliminary hearing was not scheduled within the three to ten days requirement of Rule 140(f)(1). The Superior Court reversed, holding that failure to schedule defendant's preliminary hearing within the three to ten days requirement did not mandate discharge of the charges against the defendant where he did not object to the untimeliness of the preliminary hearing until it was finally held, and where he showed no prejudice from the delay except the delay itself: Id. at 416.

In Com. v. Gattis, 66 D. & C. 2d 360 (1974), the court held that where a preliminary hearing was scheduled for a week after defendant's arraignment, *and then was continued for a month at the arresting officer's request*, because of the inability of the victim to appear, there was no violation of Rule 140(f), even though defendant was not informed of the reason for the continuance, *and even though he was incarcerated* for lack of bail meanwhile.

In Com. v. Trubic, 65 D. & C. 2d 304 (1973), the

court held by analogy to Com. v. Beerson, 49 D. & C. 609 (1943), that when a defendant appeals from a summary conviction he waives any irregularities in the proceeding before the magistrate, including failure to hold the hearing within the three to ten days requirement of Rule 140(f): Trubic, at 306.

The purpose of Rule 140(f) is to prevent prolonged custody of an accused and undue delay in the disposition of the case against him: Com. v. Wansley, 248 Pa. Superior Ct, 234, 375 A. 2d 73 (1977). But, as the three cases cited above make clear, violation of Rule 140(f) alone does not require automatic discharge of an accused. The court feels it is equally clear that violation of Rule 55(2)(a) also does not require automatic dismissal of the charges against a defendant, especially since there is no great danger of prolonged incarceration in a violation of Rule 55(2)(a), a mere summary procedure rule, as there is in a violation of Rule 140(f).

Thus, there are three basic reasons for not dismissing the prosecution in this case. First, as explained above, violation of Rule 55(2)(a) alone does not require dismissal especially where, as here, there is no apparent prejudice to defendant resulting from the delay.

Secondly, it is at least questionable whether Rule 55(2)(a) was violated at all in this case. The initial trial date was set well within the three to ten days requirement, and the rule explicitly states that the time for the trial can be extended for cause shown. Nothing in the language of the rule indicates that the second trial date must be set within the original three to ten days period or within a three to ten days period following the original trial date. It seems reasonable that if a magistrate can extend the time

for trial for cause shown, he can also extend it for whatever period of time is reasonably necessary for proper disposition of the case.

Finally, even if defendant's summary trial was not properly continued, it does not require dismissal of the charge. As it was pointed out in Com. v. Trubic, 65 D. & C. 2d 304 (1973), when defendant appeals from a summary conviction she waives any irregularities in the proceeding before the magistrate.

## ORDER

And now, June 26, 1978, for the reasons set forth in the opinion filed this date, defendant's appeal from summary conviction is dismissed and defendant is found guilty. Defendant is directed to appear before the court for sentencing on July 11, 1978, unless prior thereto she shall have paid through the probation office the fine imposed by the district justice and all accrued costs.