390 A.2d 1345

COMMONWEALTH of Pennsylvania

v.

Franklin JACKSON, Appellant.

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Decided July 12, 1978.

Robert Bruce Evanick, Assistant Public Defender, York, for appellant.

Richard H. Horn, Assistant District Attorney, York, for Commonwealth, appellee.

Before JACOBS, President Judge and HOFFMAN, CERCONE, PRICE, VAN der VOORT SPAETH and HESTER, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division of the County of York, Pennsylvania, by the defendant-appellant, Franklin Jackson, following conviction by a jury of Statutory Rape; and from the denial of Post Trial Motions.

The procedural history relevant to the sole issue on appeal is as follows:

On September 25, 1974, a criminal complaint charging the appellant with rape was filed. On January 22, 1975, the case was continued by the Commonwealth to the next session of Criminal Court when it was called for trial. On that same day, another criminal complaint charging the appellant with Statutory Rape arising from the same incident was filed. A preliminary hearing was held on that charge on February 14, 1975. The case was bound over by the Magistrate for the following term of court which was the March Term. The case was submitted to the February Grand Jury which started its deliberations on February 22, 1975. However, this case was not submitted to the Grand Jury until February 27, 1975, at which time a Bill of Indictment as to Statutory Rape was returned.

496 

Defense counsel filed a timely Application to Quash, based upon the failure of the Commonwealth to notify the defendant of the presentment of the Bill of Indictment to the Grand Jury. The application was denied by the lower court on March 12, 1975.

The trial commenced before a jury on March 18, 1975 as to both charges and appellant was convicted of Statutory Rape.

Appellant's sole ground for reversal is that he did not receive adequate notice of submission of his case to the Grand Jury as required by Pennsylvania Rule of Criminal Procedure 203(c), which states:

> "a bill of indictment shall not be submitted to a grand jury for action until 10 days after the defendant is held for court unless he consents to an earlier submission and the Commonwealth agrees thereto, or the court, for cause, permits an earlier submission."

Appellant contends that the Bill of Indictment was submitted to the Grand Jury within a period of ten days after the Preliminary Hearing in violation of the above rule.

We find this argument to have no merit. The record clearly shows that the Bill of Indictment was not submitted until more than ten days after the Preliminary Hearing. In *Commonwealth v. Collemacine,* 429 Pa. 24, 239 A.2d 296 (1968), the Supreme Court held that failure to notify the accused or his counsel that his case would be presented to a Grand Jury *other than that to which he was bound over,* violated Pennsylvania Rule of Criminal Procedure No. 203.

The rationale for not requiring notice if the defendant is bound over to the next term of court is that it is general practice for committing magistrates and judges to bind defendants over to the next term of the Grand Jury. *Commonwealth v. Cardonick,* 448 Pa. 322, 292 A.2d 402 (1972); *Commonwealth v. Rosenfield,* 220 Pa.Super. 105, 283 A.2d 870 (1971). Under those circumstances the date of presentment is readily ascertainable. *Commonwealth v. Sullivan,* 446 Pa. 419, 286 A.2d 898 (1971).

Appellant cites *Commonwealth v. Johnston,* 440 Pa. 342, 269 A.2d 752 (1970) and *Commonwealth v. Jones,* 456 Pa. 270, 318 A.2d 711 (1974) in support of his argument, both of which discuss what must be shown by the Commonwealth pertaining to notice to the defendant. However, because we find that no notice to the Appellant was necessary, those cases are inapplicable.

Since appellant could have exercised his challenge to the Grand Jury anytime before the Bill of Indictment was presented, he had an opportunity to do so from February 14, 1975 until February 27, 1975 which satisfies the requirements of the rule. *Commonwealth v. Sills,* 237 Pa.Super. 280, 352 A.2d 539 (1975). *Commonwealth v. Kohr,* 323 A.2d 79, 228 Pa.Super. 195 (1974).

Accordingly, we find no violation of Pennsylvania Rule of Criminal Procedure 203(c), and since the case was submitted to the Grand Jury next following the Preliminary Hearing, no notice to the defendant was necessary.

The judgment of sentence of the lower court is affirmed.