408 A.2d 516
**COMMONWEALTH of Pennsylvania**
v.
**Lawrence W. ROWE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.
Filed Aug. 3, 1979.

Barbara J. Zarsky, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

 Appellant contends, inter alia,[1] that the trial court did not properly advise him that only those grounds for

---

1. Appellant's other contentions are without merit. He challenges the lower court's action in overruling his demurrer to the charge of conspiracy. Because appellant did not rest his case after demurring, we must treat this as a challenge to the sufficiency of the evidence. *Commonwealth v. Dussinger*, 478 Pa. 182, 187, 386 A.2d 500, 502 (1978). Viewing the facts in the light most favorable to the Commonwealth, *Commonwealth v. Rose*, 463 Pa. 264, 344 A.2d 824 (1975), we find that the court could reasonably have concluded that appellant conspired with the man who delayed the victim by asking him for money in view of their joint departure from the scene.

Appellant also contends that the lower court denied him effective assistance of counsel by refusing to appoint new counsel upon

review raised in post-verdict motions may be raised on appeal. We agree, and accordingly vacate the judgment of sentence and remand for the filing of supplemental post-verdict motions.

On November 1, 1977, Charles Johnson was approached by a man requesting change for a five dollar bill and directions to a hotel. As Johnson reached into his pocket, appellant, approached Johnson from behind, held a razor to his neck, and demanded his money. After Johnson handed over his money the two men walked off together. Two days later, Johnson saw appellant on the street and called the police who immediately arrested him.

After appellant's conviction, the trial judge informed him: "Mr. Rowe, you have a right to appeal from the judgment and sentence of this court. If you do not have counsel for that purpose, counsel will be provided for you free of charge. Meanwhile, I direct your present counsel to file the appropriate motions before the court. You must do that within 7 days." Appellant filed several post-verdict motions which the lower court denied.[2]

The trial judge must advise the defendant, on the record, not only of the right to file post-verdict motions, but also of the fact "that only the grounds contained in such motions may be raised on appeal." Pa.R.Crim.P. 1123(c). "[When] the trial court [does] not comply with Rule 1123(c), petition-

appellant's assertion that he would not cooperate with his previously appointed attorney. This claim lacks merit because although criminal defendants have an absolute right to counsel, they do not have an absolute right to counsel of their choice. *Commonwealth v. Tyler*, 468 Pa. 193, 360 A.2d 617 (1976). Moreover, mere incompatibility with counsel is not a ground for finding ineffectiveness. *Commonwealth v. Shirk*, 228 Pa.Super. 356, 323 A.2d 99 (1974). Finally, appellant's assertion that his attorney was unprepared due to his short acquaintance with the appellant does not constitute a showing of ineffectiveness. *See Commonwealth v. Nero*, 250 Pa.Super. 17, 378 A.2d 430 (1977) (mere shortness of time spent conferring does not show ineffectiveness).

Although appellant raises specific issues on this appeal which, he contends, should have been raised in post-verdict motions, we need not reach those contentions in view of our disposition of this case.

2. Appellant was represented by new counsel on this direct appeal.

er's failure to file adequate post-verdict motions cannot be deemed a knowing and intelligent waiver of his right to appeal." *Commonwealth v. Cathey,* 477 Pa. 446, 450, 384 A.2d 589, 591 (1978). Accordingly, although a petitioner files some post-verdict motions, we must remand the case for filing of additional post-verdict motions, when the lower court fails to inform him adequately of his rights under Rule 1123. *Id.*

In the instant case, the trial court judge did not comply with Rule 1123(c) because he did not inform appellant that grounds for appeal not raised in post-verdict motions were waived. Thus, although appellant filed some post-verdict motions, he has not waived contentions not raised because his waiver could not have been knowing and voluntary.

Accordingly, we must remand to allow appellant to file supplemental post-verdict motions. Following the lower court's determination of the propriety of granting the supplemental motions, the parties may appeal if they so desire. On that appeal they may also raise any issue presented and undecided in the present appeal.

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.