J-S08042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JAMES MICHAEL DEHNER :
:
Appellant :
No. 1282 WDA 2016

Appeal from the Judgment of Sentence July 6, 2016
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000128-2016

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and SOLANO, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED FEBRUARY 22, 2017**

Appellant, James Michael Dehner, appeals from the judgment of sentence entered in the Clarion County Court of Common Pleas, following his negotiated guilty plea to open lewdness.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On March 10, 2016, the Commonwealth charged Appellant with three counts of open lewdness and one count each of dissemination of sexual materials to a minor and corruption of minors. The charges stemmed from several incidents where Appellant watched pornography and masturbated in front of twelve-year-old Victim. On July 6, 2016, Appellant entered a negotiated

_____

[1] 18 Pa.C.S.A. § 5901.

guilty plea to one count of open lewdness, in exchange for the Commonwealth's recommendation that the court impose a sentence in the standard range of the sentencing guidelines and dismiss the remaining charges against Appellant. Immediately after acceptance of the plea, the court sentenced Appellant in accordance with the plea agreement to a term of six (6) to twelve (12) months' imprisonment. The court imposed the sentence consecutive to an unrelated sentence Appellant was serving at the time.

On July 26, 2016, Appellant filed a motion to file a post-sentence motion *nunc pro tunc*. The court granted Appellant's motion to file the *nunc pro tunc* post-sentence motion that same day. The court ultimately denied Appellant's *nunc pro tunc* post-sentence motion, which asked the court to impose Appellant's sentence concurrent to his unrelated sentence and make Appellant work-release eligible. Appellant timely filed a notice of appeal on August 15, 2016. On August 18, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant's counsel filed a statement of intent to file an ***Anders*** brief pursuant to Pa.R.A.P. 1925(c)(4) on August 26, 2016. On November 23, 2016, counsel filed a petition for leave to withdraw as counsel in this Court.

As a preliminary matter, counsel seeks to withdraw his representation pursuant to ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d

493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.

---

[2] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

* * *

Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. (**See** Letter to Appellant, dated November 14, 2016, attached to Petition for Leave to Withdraw as Counsel). In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has

substantially complied with the requirements of **Anders** and **Santiago**.

Counsel raises the following issue on Appellant's behalf:

ARE THERE ANY ISSUES THAT APPELLANT CAN RAISE, THAT MIGHT ARGUABLY SUPPORT AN APPEAL OF HIS SENTENCE FOLLOWING A VOLUNTARY GUILTY PLEA?

A. WAS ANY ERROR COMMITTED IN THE COMMONWEALTH'S FAILURE TO **MIRANDIZE** [] APPELLANT?

B. WAS ANY ERROR COMMITTED IN HOLDING APPELLANT'S PRELIMINARY HEARING AFTER 14 DAYS OF HIS PRELIMINARY ARRAIGNMENT?

(**Anders** Brief at 4).

In the **Anders** brief, counsel argues Appellant waived any challenge to the alleged **Miranda**[3] violation or the delay between his preliminary arraignment and preliminary hearing due to Appellant's knowing and voluntary guilty plea. Counsel concludes Appellant cannot raise these claims on appeal. We agree.

The principles surrounding **Miranda** warnings are well settled:

The prosecution may not use statements stemming from a custodial interrogation of a defendant unless it demonstrates that he was apprised of his right against self-incrimination and his right to counsel. Thus, **Miranda** warnings are necessary any time a defendant is subject to a custodial interrogation. …[T]he **Miranda** safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. Moreover, in evaluating whether **Miranda** warnings were

_____

[3] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d. 694.

necessary, a court must consider the totality of the circumstances.

In conducting the inquiry, [a court] must also keep in mind that not every statement made by an individual during a police encounter amounts to an interrogation. Volunteered or spontaneous utterances by an individual are admissible even without ***Miranda*** warnings.

***Commonwealth v. Gaul***, 590 Pa. 175, 180, 912 A.2d 252, 255 (2006), *cert. denied*, 552 U.S. 939, 128 S.Ct. 43, 169 L.Ed.2d 242 (2007) (internal citations and quotations marks omitted).

Pennsylvania Rule of Criminal Procedure 540 explains the time requirements for scheduling a preliminary hearing as follows:

**Rule 540. Preliminary Arraignment**

\*   \*   \*

(G) Unless the preliminary hearing is waived by a defendant who is represented by counsel, or the attorney for the Commonwealth is presenting the case to an indicting grand jury pursuant to Rule 556.2, the issuing authority shall:

(1) fix a day and hour for a preliminary hearing which shall not be later than 14 days after the preliminary arraignment if the defendant is in custody and no later than 21 days if not in custody unless:

(a) extended for cause shown; or

(b) the issuing authority fixes an earlier date upon the request of the defendant or defense counsel with the consent of the complainant and the attorney for the Commonwealth…

Pa.R.Crim.P. 540(G)(1). Violation of Rule 540(G)(1) does not require

automatic discharge of an accused if his preliminary hearing is not scheduled within the requisite amount of time. *Commonwealth v. DeCosey*, 371 A.2d 905, 907 (Pa.Super. 1977). Significantly, "courts have regularly refused to dismiss prosecutions and discharge defendants based on technical violations of the criminal procedural rules in the absence of a demonstration of prejudice." *Commonwealth v. Bowman*, 840 A.2d 311, 317 (Pa.Super. 2003).

Significantly, "[a] plea of guilty effectively waives all nonjurisdictional defects and defenses." *Commonwealth v. Gibson*, 561 A.2d 1240, 1242 (Pa.Super. 1989), *appeal denied*, 525 Pa. 642, 581 A.2d 568 (1990). "When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." *Commonwealth v. Jones*, 593 Pa. 295, 308, 929 A.2d 205, 212 (2007). Here, Appellant challenges the Commonwealth's alleged failure to inform Appellant of his *Miranda* rights plus he complains about the delay between his preliminary arraignment and preliminary hearing. Nevertheless, Appellant does not claim his guilty plea was coerced by the alleged *Miranda* violation or the delay prior to his preliminary hearing. Further, nothing in the record suggests the police obtained a confession from Appellant or conducted an interview of Appellant at any time during the case. Additionally, Appellant fails to argue any prejudice resulted from the delay between his preliminary arraignment and preliminary hearing. Therefore, Appellant's claims are

waived for purposes of our review. *See id.* Following our independent review of the record, we conclude the appeal is frivolous. *See Palm, supra*. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/2017