Commonwealth *v.* Lloyd, Appellant.

274

Submitted September 12, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Elaine DeMasse* and *John W. Packel*, Assistant Defenders, and *Benjamin Lerner*, Defender, for appellant.

*David Fabe Michelman, Mark Sendrow,* and *Steven H. Goldblatt*, Assistant District Attorneys, *Abraham J. Gafni*, Deputy District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., March 29, 1976:

On April 21, 1975, appellant-defendant Ralph L. Lloyd was tried by a judge sitting without a jury on charges of theft by receiving stolen goods[1] and unauthorized use of an automobile.[2] He was found not guilty of receiving stolen goods and guilty of unauthorized use of an automobile. Because the errors alleged by appellant on appeal are without merit, we will affirm the judgment of sentence of the lower court.

---

1. 18 Pa. C.S. §3925.
2. 18 Pa. C.S. §3928.

Appellant's first contention is that the indictment against him should have been quashed because he was not properly notified of the presentation of his case to the grand jury. *See, Commonwealth v. Collemacine*, 429 Pa. 24, 239 A.2d 296 (1968).

At the conclusion of the preliminary hearing, which was held on December 23, 1974, the presiding judge advised appellant that "this case will be submitted to the sitting Grand Jury in no less than ten days." At that time, it was impossible for appellant's case to be submitted to the sitting (December) grand jury in "no less than ten days," because the sitting grand jury would terminate before the lapse of the ten day period. It was also impossible for appellant's case to be submitted to the sitting grand jury because Pa.R.Crim.P. 203(c) requires a minimum interim period of ten days between the preliminary hearing and submission of the case to the grand jury. Thus, the first grand jury to which appellant's case could legally be submitted was the January Grand Jury. In fact, appellant's case was submitted to the January Grand Jury on January 12, 1975.

In *Commonwealth v. Collemacine, supra,* the Supreme Court of Pennsylvania held that "a defendant is entitled to notice of presentment of his case to the grand jury if the presentment is to a grand jury other than the next term after the defendant's preliminary hearing." *Commonwealth v. Johnson*, 440 Pa. 342, 353, 269 A.2d 752, 758 (1970). The reason for not requiring notice if the defendant is being bound over to the next term is that it is general practice for committing magistrates and judges to bind defendants over to the next term of grand jury. *Commonwealth v. Cardonick*, 448 Pa. 322, 292 A.2d 402 (1972); *Commonwealth v. Rosenfield*, 220 Pa. Superior Ct. 105, 283 A.2d 870 (1971), *aff'd*, 448 Pa. 531, 292 A.2d 323 (1972). Under such circumstances, the date of presentment is "readily ascertainable." *Commonwealth v. Sullivan*, 446 Pa. 419, 432, 286 A.2d 898, 902 (1971).

Under the circumstances, we hold that appellant was not entitled to notice that his case would be presented to the January Grand Jury. Appellant was represented by counsel who knew, or should have known, that appellant's case could not be presented to the December Grand Jury. Because appellant's case was submitted to the next term of grand jury, the first one possible, he was not entitled to be notified. *Commonwealth v. Johnson, supra.*

Appellant's second contention is that the evidence produced at trial was insufficient to convict him of unauthorized use of an automobile. The evidence against appellant consisted of the testimony of two witnesses. Officer James Canonica of the Philadelphia Police Department testified that on October 21, 1974, he and his partner were patrolling an area in West Philadelphia in an unmarked police car. The vehicle in front of them, a 1974 Mercury, was exceeding the speed limit, and narrowly missed striking some children playing in the street. The driver of the automobile, appellant herein, appeared to glance in his rear view mirror, suddenly pulled the car over to the curb, and began to walk rapidly away.

The officers compared the license number of the automobile with those in their stolen car digest and discovered that the car had been reported as missing or stolen on October 18, 1974. Appellant was then over-taken. He did not have a driver's license or registration for the vehicle. The plastic key ring to which the keys to the vehicle were attached had the name of the Hertz Corporation printed upon it. The officers placed appellant under arrest.

The other witness to testify was Phyllis Rizzo, car control manager for Hertz Corporation's Philadelphia Office. She testified that the car in question had been returned to Hertz's airport facility on October 10, 1974. On October 12, 1974, an inventory check was made, and

the car was inexplicably missing. On October 18, 1974, Rizzo reported the car as missing or stolen.[3] Rizzo also testified that appellant had not been authorized by Hertz to drive the vehicle.

The offense in question is defined in 18 Pa. C.S. §3928(a):

"a person is guilty of a misdemeanor of the second degree if he operates the automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle of another without consent of the owner."

The appellant does not dispute that he was operating the automobile of another without the consent of the owner. The Commonwealth does not dispute that, as part of its burden of proof, it must prove beyond a reasonable doubt that appellant *knew* that he was operating the automobile without the owner's consent. *Waldron Appeal*, 237 Pa. Superior Ct. 298, 353 A.2d 43 (1975). The question, then, is whether this burden of proof has been met. We hold that it has.

In reviewing a challenge to the sufficiency of the evidence, the evidence must be viewed in a light most favorable to the verdict-winner. *Commonwealth v. Cross*, 231 Pa. Superior Ct. 148, 331 A.2d 813 (1974). It is well established that guilt may be proved by circumstantial evidence. *Commonwealth v. Parsons*, 233 Pa. Superior Ct. 419, 335 A.2d 800 (1975). Though no single factor in the present case, standing alone, warrants the conclusion that appellant knew that he was operating the vehicle without the owner's consent, the totality of the circumstances does justify such a conclusion. Appellant was on notice that the car belonged to Hertz Corporation

---

3. The delay between October 12 and October 18 was occasioned by Rizzo's issuance of a "tracer report" for the automobile. This consisted of an inquiry sent to all managers of Hertz agencies to determine whether any other facility was in possession of it. Rizzo did not report the automobile as missing until all of the replies had been received.

because Hertz's name was imprinted on the key ring. Yet, appellant did not have a rental contract, nor did he have a registration certificate for the car. In fact, appellant did not even have a driver's license. Each of these facts reinforces the inference that appellant knew he did not have the owner's permission to be driving the automobile.

The lower court regarded appellant's hasty exit from the vehicle, on foot, as "flight," and a finding by the trier of fact will not be disturbed absent an abuse of discretion. *Commonwealth v. Porter*, 229 Pa. Superior Ct. 314, 323 A.2d 128 (1974). It is well settled that flight, coupled with other factors can be an indication of guilty knowledge. *Commonwealth v. Collins*, 440 Pa. 368, 269 A.2d 882 (1970).

Appellant suggests that a reasonable explanation for his possession of the vehicle is that it was loaned to him by a Hertz employee. Because the Commonwealth has not negated that possibility, appellant argues, the evidence of guilt is insufficient as a matter of law. However, the Commonwealth did prove that no Hertz employees were authorized to be in possession of the vehicle. Moreover, the Commonwealth is not obligated to disprove every possible explanation for appellant's unauthorized use of the automobile. It must only introduce sufficient facts and circumstances from which, if believed, a jury could conclude beyond a reasonable doubt that the appellant knew that he was operating the automobile without the owner's consent. *Commonwealth v. Clark*, 454 Pa. 329, 311 A.2d 910 (1973). If the existence of other possible explanations does not create a reasonable doubt either as a matter of law or as a matter of fact, then the Commonwealth has met its burden. In this case, the Commonwealth has done so.

The judgment of sentence of the lower court is affirmed.