418 A.2d 677

**COMMONWEALTH of Pennsylvania**

v.

**James McCAIN, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1979.

Filed Feb. 15, 1980.

Petition for Allowance of Appeal Denied Aug. 25, 1980.

F. Michael Medway, Philadelphia, for appellant.

James Jordan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

ROBERTS, Judge:

On August 30, 1977, a jury convicted appellant James McCain of murder of the third degree and conspiracy in connection with the shooting death of Stanley Simkin. After denying post-verdict motions, the court sentenced appellant to consecutive terms of imprisonment of ten to twenty years for murder and five to ten years for conspiracy. On this appeal, appellant contends that evidence admitted at trial should have been suppressed. We disagree and affirm.

A police officer received reports of a shooting at a luncheonette owned by the victim. The officer went to the scene, arriving there within fifteen minutes of the shooting. One individual, a thirteen year old, told the officer that four assailants were involved in the shooting, two of whom were approximately eighteen to twenty years old, about 5'8" tall, and wearing long, dark army coats. Another individual, Cornell Hill, identified one of the assailants as "Bo" McCain (appellant) and gave police McCain's address. The officer then informed a radio dispatcher, who in turn broadcasted the details of the shooting. A second officer heard the radio reports, and went to the scene. There, a crowd told the second officer that appellant lived down the street, about twenty houses away, and should be arrested before he got away. Police then went to appellant's house, arriving there about one-half hour after the first radio report. Appellant

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania is sitting by designation.

appeared on the porch of the house and police asked him who "Bo" McCain was. Although appellant did not respond, a young woman came to the porch and, in the presence of police, asked appellant, "What's the matter, 'Bo?'" Police then placed appellant under arrest. Police also knocked at the door of the house and were admitted. In the living room they found LeRoy McCain, appellant's brother, whom they placed under arrest. While looking for other suspects the officers found an army jacket and other clothing. Appellant's mother, who arrived at the home while police were still there, assisted the police search, leading them to a shotgun and another army jacket located in an upstairs closet.

Appellant contends that police could not properly rely upon the information supplied by persons at the scene of the crime. Appellant's contention overlooks *Commonwealth v. Montgomery*, 246 Pa.Super. 371, 371 A.2d 885 (1977). There, a "disinterested observer," at the scene of the crime and within fifteen minutes of the incident, placed the perpetrators only a block away from the crime. This Court upheld police officers' prompt reliance upon the disclosure of this "disinterested observer." "[T]he probabilities were very great that a disinterested observer of the occurrences would have seen where the suspects went." 246 Pa.Super. at 377, 371 A.2d at 888. Here, too, we are satisfied that the "disinterested observers" supplying police information at the scene of the crime and shortly after the incident provided the officers ample reason to take prompt action. Under *Montgomery*, therefore, we conclude that the arrest of appellant was lawful.**

Judgment of sentence affirmed.

** Appellant also challenges the seizure of evidence after his arrest on the ground that his mother's assistance with the police search was not voluntary. This contention must be rejected. The suppression court found that appellant's mother freely agreed to assist police and we are satisfied that the record supports this determination.

Appellant also claims (1) the trial court erred by failing to provide a necessary "missing witness" instruction; (2) the prosecutor engaged in misconduct; and (3) trial counsel was ineffective in failing

(a) to move to suppress an eyewitness identification, (b) to move to suppress defendant's statement, (c) to impeach the credibility of eyewitness testimony, (d) to object to Commonwealth cross-examination of appellant's mother, and (e) to object to hearsay evidence. We do not now pass upon the merits of these claims. Appellant obtained new counsel at post-verdict proceedings and thus new counsel was obliged under *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975), to raise all claims of error, including ineffective assistance of trial counsel, at post-verdict proceedings. Post-verdict counsel also was required to present these claims of error specifically in writing. See Pa.R.Crim.Proc. 1123(a); *Commonwealth v. Blair*, 460 Pa. 31, 33 n.1, 331 A.2d 213, 214 n.1 (1975); *Commonwealth v. Austin*, 484 Pa. 56, 398 A.2d 941 (1979). Here, however, post-verdict counsel presented only boilerplate allegations of error. Thus, the present claims have not been properly preserved for appellate review.