450 A.2d 989

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Ronald GEASE.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1982.

Filed May 21, 1982.

Reargument Denied May 21, 1982.

Petition for Allowance of Appeal
Denied Jan. 7, 1983.

434

Dara A. DeCourcy, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Paul R. Gettleman, Zelienople, for appellee.

Before BROSKY, CIRILLO and POPOVICH, JJ.

CIRILLO, Judge:

This is an appeal from an Order of the Court of Common Pleas of Allegheny County, granting the appellee's Motion to suppress the evidence.

At approximately 12:45 P.M. on December 19, 1980, Lieutenant Albert Petrauskas of the Pittsburgh Police Department was stopped by a man wearing a white apron over a red shirt. The man informed the officer that he was chasing an individual who had just stolen a woman's purse. He also told the officer that the individual was sitting in a jitney directly behind the officer's car. The jitney was occupied by only one other man who was seated on the driver's side. As the officer exited his car, the appellee, Ronald Gease, left the jitney and ran. After failing in his attempt to apprehend the appellee, Lieutenant Petrauskas put out a description of the appellee over the police radio. A short time later, police spotted the appellee, approached him, and a scuffle ensued. The appellee was subdued and placed under arrest, at which time he made an inculpatory statement.

The appellee was subsequently charged with the crime of Robbery.[1] The appellee filed a Motion to suppress all oral statements which he made immediately after his arrest. The Motion alleged that the arrest of the appellee was illegal because it was made without a warrant and without probable cause due to the unreliability of an anonymous tip. A hearing in this matter was held on March 16, 1981 before the Honorable Maurice Louik. After the submission of briefs by the parties, Judge Louik granted the Motion to suppress the evidence and on March 27, 1981 a supporting Opinion was filed. This appeal now follows.

The Commonwealth contends that the lower court erred in granting the Motion to suppress the evidence. Because we agree with the Commonwealth's argument that the arrest of the appellee was predicated on sufficient probable cause, we reverse and remand for trial.

The Court below held that Lieutenant Petrauskas was not justified in acting on the information supplied by the informant because the requirements of the *Aguilar—Spinelli*[2] test were not satisfied. That well-settled rule requires that:

[W]here probable cause is based upon information received from an unidentified informant, the following requirements must be met: (1) the arresting officer must know some of the underlying circumstances from which the informant concluded that the suspect participated in criminal activity, and (2) the officer must have some reasonable basis for concluding that the informant was credible or his information reliable.

*Commonwealth v. Waters,* 276 Pa.Super. 584, 419 A.2d 612 (1980). However, in this instance, probable cause for arrest was not based solely on the tip received from the unidentified informant, but rather was based on all the events which occurred prior to the appellee's arrest.

1. Act of December 6, 1972, P.L. 1482 No. 334 § 1, effective June 6, 1973, as amended June 24, 1976, P.L. 425 No. 102 § 1, effective immediately, 18 Pa.C.S.A. § 3701.

2. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

■ Evidence of flight is permissible to establish guilty knowledge. *Commonwealth v. Rough,* 275 Pa.Super. 50, 418 A.2d 605 (1980). Justice Nix stated in *Commonwealth v. Jones,* 457 Pa. 563, 319 A.2d 142 (1974), certiorari denied *Jones v. Pennsylvania,* 419 U.S. 1000, 95 S.Ct. 316, 42 L.Ed.2d 274, that the essence of this doctrine is based upon a premise that the person who flees does so in recognition of his wrongdoing and is seeking to avoid punishment for that conduct.[3] *Id.* 457 Pa. at 576, 319 A.2d 142. Even though flight alone is not sufficient to establish probable cause to arrest, flight may be coupled with additional facts which point to the suspect's guilt and establish probable cause to make an arrest. *Commonwealth v. Legg,* 258 Pa.Super. 294, 392 A.2d 801 (1978). *See also: Commonwealth v. Favors,* 227 Pa.Super. 120, 323 A.2d 85 (1974). Furthermore, it is well settled that probable cause may be based on hearsay information. *Commonwealth v. Brown,* 228 Pa.Super. 158, 323 A.2d 104 (1974).

In *Commonwealth v. Legg,* supra., the inference of guilty knowledge arising from the defendant's flight was coupled with an anonymous tip that the robber could be found at a residence which was within a few blocks of the scene of the crime. The defendant's physical appearance also fit a general description of the robber which had been provided by the victimized bartender. Thus, the Court held that the police had probable cause to arrest the defendant for robbery of the bar, and evidence discovered as a result of the arrest, including the defendant's confession, was admissible.

■ In the present case, the appellee's flight was corroborated by a tip from a disinterested witness who had made a substantial effort to stop the robber. The informant specifically designated the vehicle in which the man who committed the offense could be found. Subsequently, the appellee was apprehended only a few blocks from where Lieutenant Petrauskas was approached by the informant, but only after he had made every effort to avoid the police officers who

3. "The wicked flee when no man pursueth; but the righteous are bold as a young lion." Proverbs 28:1.

effectuated the arrest. We find that these circumstances were sufficient to establish probable cause for arrest of the appellee.

Additionally the holdings of our court in *Commonwealth v. Montgomery,* 246 Pa.Super. 371, 371 A.2d 885 (1977) and *Commonwealth v. McCain,* 275 Pa.Super. 192, 418 A.2d 677 (1980), support the result we reach.

In *Montgomery,* supra, the victim of a crime informed police of its occurrence and assisted them in their search for the perpetrators. The victim was told by a person unknown to him where the suspects could be found. He then relayed that information to the police who went to the named address and arrested the appellant. We found probable cause despite the fact that the information upon which the officers based the arrest, came from an intermediary. We said, "The salient factors in our case are that the robbery, the informer's tip, and the subsequent arrest of the appellant all occurred within 15 minutes time and within a block of each other." *Id.,* 246 Pa.Superior Ct. at 377, 371 A.2d at 888.

A similar result was reached in *McCain,* supra, where we wrote of the *Montgomery* case:

> There, a "disinterested observer," at the scene of the crime and within fifteen minutes of the incident, placed the perpetrators only a block away from the crime. This Court upheld police officer's prompt reliance upon the disclosure of the "disinterested observer." "[T]he probabilities were very great that a disinterested observer of the occurrences would have seen where the suspects went." (citations omitted)

*McCain,* supra, 275 Pa.Super. at 194, 418 A.2d at 678.

In the present appeal, an apparently disinterested observer who was in pursuit of the suspect gave information to the police who made the arrest shortly thereafter. A result in the instant case consistent with *Montgomery* and *McCain* is required.

438

Accordingly, we reverse the Order of the court below and remand for trial.

POPOVICH, J., concurs in the result.