461 A.2d 276

**COMMONWEALTH of Pennsylvania**

v.

**Lewis JONES, Appellant.**

Superior Court of Pennsylvania.

Argued March 1, 1983.

Filed June 3, 1983.

516

518

William James Perrone, Norristown, for appellant.

Sarah B. Vandenbraak, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and CAVANAUGH and WIEAND, JJ.

WIEAND, Judge:

Lewis Jones was tried nonjury and was convicted of theft by unlawfully taking a 1981 Buick.[1] On direct appeal from the judgment of sentence, Jones contends that the evidence was insufficient to sustain the conviction and that he failed to receive a speedy trial in accordance with the mandate of Pa.R.Crim.P. 1100. We find no merit in these contentions and, accordingly, affirm.

In reviewing the sufficiency of the evidence to support a finding of guilt, we view the evidence, and all reasonable inferences therefrom, in the light most favorable to the Commonwealth as verdict winner. The test is whether, accepting as true the evidence favorable to the Commonwealth, together with all reasonable inferences therefrom, the evidence is sufficient to prove appellant's guilt beyond a reasonable doubt. *Commonwealth v. Giles*, 500 Pa. 413, 417, 456 A.2d 1356, 1358 (1983); *Commonwealth v. Bachert*, 499 Pa. 398, 402, 453 A.2d 931, 933 (1982); *Commonwealth v. Darden*, 311 Pa.Super. 170, 172, 457 A.2d 549, 550 (1983); *Commonwealth v. Ruth*, 309 Pa.Super. 458, 461, 455 A.2d 700, 701 (1983); *Commonwealth v. Fortune*, 305 Pa.Super. 441, 443, 451 A.2d 729, 730 (1982).

On July 3, 1981, at or about 7:20 o'clock, a.m., appellant and his brother were found stripping a Buick which had been stolen less than an hour before. When police came upon the stolen car in a vacant lot, appellant was observed jacking up the rear of the vehicle and removing the lug nuts from a wheel. Three other wheels had already been removed and had been placed in a Cadillac standing nearby.

1. 18 Pa.C.S. § 3921(a).

When the police approached, appellant fled. After he was found and arrested, the police returned to examine the stolen Buick. The engine was then found to be warm; and the ignition had been tampered with so that the vehicle could be started by depressing a rod within the steering column. The trunk lock and the spare tire had been removed.

■ Appellant's unexplained possession of the recently stolen automobile was a circumstance which permitted the finder of fact to draw an inference that appellant had stolen the car. *Commonwealth ex rel. Chatary v. Nailon*, 416 Pa. 280, 283, 206 A.2d 43, 45 (1965); *Commonwealth v. Wilson*, 312 Pa.Super. 77, 80, 458 A.2d 244, 245 (1983); *Commonwealth v. Thomas*, 305 Pa.Super. 158, 164, 451 A.2d 470, 473 (1982). See also: *Commonwealth v. Turner*, 456 Pa. 116, 317 A.2d 298 (1974) (plurality opinion); *Commonwealth v. Plath*, 267 Pa.Super. 1, 405 A.2d 1273 (1979). When considered with evidence of appellant's flight, the evidence was clearly sufficient to support appellant's conviction. *Commonwealth v. Wilson, supra* 312 Pa.Super. at 81, 458 A.2d at 245; *Commonwealth v. Wilson*, 294 Pa.Super. 101, 104, 439 A.2d 770, 771 (1982). See: *Commonwealth v. Davis*, 491 Pa. 363, 370 n. 4, 421 A.2d 179, 182 n. 4 (1980); *Commonwealth v. Osborne*, 433 Pa. 297, 302, 249 A.2d 330, 333 (1969); *Commonwealth v. Gease*, 304 Pa.Super. 433, 436, 450 A.2d 989, 990 (1982); *Commonwealth v. Jones*, 298 Pa.Super. 199, 204, 444 A.2d 729, 731–732 (1982); *Commonwealth v. Rough*, 275 Pa.Super. 50, 62, 418 A.2d 605, 611 (1980); *Commonwealth v. Lloyd*, 239 Pa.Super. 273, 278, 361 A.2d 430, 432 (1976).

Appellant was arrested on July 3, 1981. Under the mandate of Pa.R.Crim.P. 1100, the Commonwealth was required to bring him to trial on or before December 30, 1981. Appellant's trial did not commence until January 12, 1982. However, the trial court, on timely petition of the Commonwealth, had granted an extension to accommodate the January 12 trial date set by the court administrator.

Appellant contends that the granting of the extension was error.

A preliminary hearing on the charges brought against appellant was set for July 10, 1981, but the hearing was continued because the Commonwealth was not then ready to proceed. On July 28, 1981, appellant was released on bail. A continued hearing, set for July 31, 1981, was postponed because the victim failed to appear; the hearing was rescheduled for August 24, 1981. On this later date, the hearing was again continued, this time because appellant failed to appear. In fact, he had been arrested and incarcerated on unrelated charges. A rescheduled hearing for September 16 was also continued because the arresting officer had been injured and was unable to be present. The preliminary hearing was finally held on October 7. A prima facie case was presented, and the charges against appellant were returned to court. Appellant was arraigned in prison on November 10, when trial was set by the court administrator's office for January 12, 1982. The Commonwealth immediately filed, on November 17, a petition to extend the time within which to commence trial. A hearing thereon was held prior to trial on January 12, 1982.

On that day, the court heard testimony to determine if the Commonwealth had exercised due diligence to commence trial within 180 days. The hearing was not completed, however, for the assistant trial coordinator from the office of the court administrator, who possessed the information regarding the availability of trial dates on November 10, 1981, was not available to testify. The judge announced that he was aware that the court administrator's office and not the District Attorney's office had been responsible for setting the trial date and that its known practice was to select the first available date for trial. Nevertheless, the judge requested that the presence of the assistant trial coordinator be obtained while the case was being tried. So as not to delay the trial, he required the parties to proceed, intending to hear the testimony of the assistant trial coordinator at a later time. Unfortunately,

the assistant coordinator was not immediately available. The trial, being brief, was completed, and appellant was found guilty. At the conclusion of the trial, the trial judge again announced his intention to hear from the assistant trial coordinator. This testimony was presented on March 16, 1982, when the assistant trial coordinator testified that according to the court's schedule as it was known to him on November 10, 1981, January 12, 1982 had been the earliest possible date on which he could schedule appellant's trial. Because the delay in commencing trial had been caused by a lack of available judges and courtrooms, the court reaffirmed its prior order granting the Commonwealth's petition for extension.

■ The rule is that "a court may grant the Commonwealth an extension of time for trial if it finds that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Pa.R.Crim.P. 1100(c)." *Commonwealth v. Bright,* 303 Pa.Super. 98, 102, 449 A.2d 596, 598 (1982), quoting *Commonwealth v. Sharp,* 287 Pa.Super. 314, 317, 430 A.2d 302, 304 (1981). The Commonwealth, of course, bears the burden of proving due diligence.

> "The trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the due diligence of the prosecution, and (2) the certification that the trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the cause of the court delay and reason why the delay cannot be avoided."

*Commonwealth v. Lamb,* 309 Pa.Super. 415, 422, 455 A.2d 678, 682 (1983), quoting *Commonwealth v. Mayfield,* 469 Pa. 214, 222, 364 A.2d 1345, 1349–1350 (1976). Accord: *Commonwealth v. Levitt,* 287 Pa.Super. 115, 429 A.2d 1126 (1981). The Commonwealth met its burden in the present case.

■ Despite appellant's argument to the contrary, we find it unnecessary to assess blame for the delay in holding

a preliminary hearing. Despite such delay, the Commonwealth moved expeditiously following the time when the charges against appellant were returned to court. In fact, appellant was arraigned on November 10, 1981, this being fifty days prior to the run date. There is no rule requiring an earlier arraignment; neither does the rule require a trial in something less than 180 days. Here the Commonwealth was prepared to try appellant within the prescribed time, but the court administrator's trial coordinator was unable to find a courtroom for trial prior to January 12, 1982. Trial, therefore, was scheduled for that date. The scheduling of the trial date was not under the control of the District Attorney; rather, the trial date was set by the court administrator's office. Its inability to set a trial date prior to December 30, 1981 was attributable solely to judicial delay. Under such circumstances, the granting of an extension was proper. See: *Commonwealth v. Mayfield, supra; Commonwealth v. Lamb, supra; Commonwealth v. Franklin,* 306 Pa.Super. 382, 452 A.2d 777 (1982); *Commonwealth v. Fairley,* 298 Pa.Super. 236, 444 A.2d 748 (1982); *Commonwealth v. Royer,* 256 Pa.Super. 361, 389 A.2d 1165 (1978).

Appellant also complains because he was required to commence trial before the court had completed the hearing on the Commonwealth's extension petition. At the hearing on January 12, 1982, the court required evidence that the date set for trial by the court administrator's assistant trial coordinator was the earliest available date consistent with the court's business. The official having such information was not then available to testify. Rather than delay the start of trial, the court reserved the right to call such official at a later time, if necessary, and made a determination that the petition would be granted if such evidence were presented. After the trial had been completed and a finding of guilty returned, the court received testimony from the assistant trial coordinator, found that January 12, 1982 had been the first trial date available consistently with the court's schedule, and reaffirmed its decision to grant the extension.

██ This procedure is not to be recommended. In the instant case, however, we find no prejudice to appellant and, therefore, no basis for reversal. Rule 1100 is an administrative rule; it is designed to protect an accused's right to a speedy trial and also to protect society's right to effective prosecution of criminal cases. *Commonwealth v. Genovese,* 493 Pa. 65, 69–70, 425 A.2d 367, 369–370 (1981). See: *Commonwealth v. Martin,* 306 Pa.Super. 108, 452 A.2d 238 (1982); *Commonwealth v. Sheppard,* 305 Pa.Super. 283, 451 A.2d 533 (1982). "So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime. In considering matters such as that now before us, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system." *Commonwealth v. Genovese, supra* 493 Pa. at 72, 425 A.2d at 371.

██ Rather than delay the trial until the assistant trial coordinator became available to testify in pre-trial proceedings, the judge deferred the receipt of the coordinator's testimony and made a tentative finding based on his own knowledge regarding the operating procedure of the court administrator's office. As a general rule, the order in which evidence is received is vested in the sound discretion of the trial judge, whose exercise thereof will not be disturbed in the absence of a manifest abuse. See: *Commonwealth v. Smallwood,* 497 Pa. 476, 484, 442 A.2d 222, 225 (1982); *Commonwealth v. Burns,* 409 Pa. 619, 637, 187 A.2d 552, 561–562 (1963); *Agate v. Dunleavy,* 398 Pa. 26, 28–29, 156 A.2d 530, 531 (1959); 38 P.L.E., Trial § 61. See also: *Commonwealth v. Mokluk,* 298 Pa.Super. 360, 365, 444 A.2d 1214, 1217 (1982); *Silver v. Miller,* 204 Pa.Super.

16, 18, 201 A.2d 308, 309 (1964); 38 P.L.E., Trial § 66. There was no abuse of that discretion under the circumstances of this case.

Appellant contends that the procedure adopted by the trial court was contrary to the holding in *Commonwealth v. Akridge*, 492 Pa. 90, 422 A.2d 487 (1980). We disagree. In that case, the Supreme Court held that after an extension hearing had been concluded, a reviewing court could not thereafter remand to give the Commonwealth a second opportunity to prove facts not proven during the original hearing. See also: *Commonwealth v. McFadden*, 300 Pa. Super. 299, 303, 446 A.2d 624, 626 (1982); *Commonwealth v. Dixon*, 295 Pa.Super. 425, 429 n. 6, 441 A.2d 1305, 1307 n. 6 (1982); *Commonwealth v. Carr*, 292 Pa.Super. 137, 140–141, 436 A.2d 1189, 1191 (1981). In the instant case, the extension hearing had not been concluded; the completion of the Commonwealth's evidence had been deferred so that the trial would not be delayed. This was no more than an exercise of the trial court's discretion to determine the order of proof. Where, as here, appellant received a speedy trial and was proven guilty beyond a reasonable doubt, we will not reverse his conviction and order his discharge because of the order in which evidence was received by the trial court.

The judgment of sentence is affirmed.